**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **YOUT LLC,** | ) | |
| | ) | **CIVIL ACTION NO.___** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE RECORDING INDUSTRY** | ) | |
| **ASSOCIATION OF AMERICA, INC. and** | ) | |
| **DOE RECORD COMPANIES 1-10,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES THE PLAINTIFF YOUT LLC ("Yout" or "Plaintiff"), by and through its

attorneys, Mudd Law, and complains of DEFENDANTS THE RECORDING INDUSTRY

ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10 (collectively,

"Defendants"), upon personal information as to the Plaintiff's own activities, and upon

information and belief as to the activities of others and all other matters, and states as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory relief relating to 17 U.S.C. § 1701, violation of

17 U.S.C. § 512(f); business disparagement; and defamation *per se*.

**PARTIES**

2.      Yout LLC is a Connecticut limited liability company with its principal place of

business in Hartford, Connecticut.

3.      The Recording Industry Association of America, Inc. ("RIAA") is a trade

organization incorporated under the laws of the State of New York, headquartered in

Washington, D.C., and can be served through its Chairman and CEO, Mitch Glazier at 1000 F

Street NW, Floor 2, Washington, D.C. 20004.

4.      Doe Record Companies 1-10 are member companies of Defendant RIAA.[1]

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 2201.  Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b).

6.      Yout has its principal place of business in Connecticut.

7.      Moreover, a substantial part of the causes of action herein arose in the District of Connecticut.

8.      Therefore, this Court may exercise jurisdiction over Yout's claims.

9.      Additionally, the Defendants engaged in operations in Connecticut that benefited them under the laws of this jurisdiction.

10.     The RIAA engaged in efforts to protect it and its members within Connecticut.

11.     In fact, the RIAA filed previous civil actions in the District of Connecticut.

12.     The Defendants Doe Record Companies 1-10 conduct business and product sales in the District of Connecticut.

13.     Therefore, the Defendants are subject to general personal jurisdiction within the State of Connecticut.  As such, this Court may exercise personal jurisdiction over them.

14.     Additionally, the Defendants knew that Yout is located in the State of Connecticut.

15.     The Defendants knew that their efforts against Yout would impact it here in the

---

[1] The true names of Doe Record Companies 1-10 are unknown to the Plaintiff at the present time and, therefore, the Plaintiff sues such Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Plaintiff's Complaint with Doe Record Companies 1-10 true names and capacities when ascertained.

State of Connecticut.

16.     The Defendants knew that their efforts described below would cause notices to be sent to Yout in the State of Connecticut.

17.     As such, the Defendants' directed their conduct toward Yout in the State of Connecticut by publishing takedown notices with the purpose of interfering with Yout's business operations in the State of Connecticut.

18.     And, Yout suffered harm from the Defendants' conduct in the State of Connecticut.

19.     The Defendants' intentional conduct has harmed the Plaintiff.

20.     Therefore, the Defendants are subject to specific personal jurisdiction within the State of Connecticut.  As such, this Court may exercise personal jurisdiction over them.

## FACTUAL BACKGROUND

21.     Yout created and operates a service by which a user can enter a link to a video on major video streaming websites including, but not limited to, the free viewable content on the video sharing website at the domain youtube.com commonly referred to as YouTube.

22.     Google, LLC ("Google") owns and operates YouTube.

23.     Yout's software platform allows a user to record the audio of a streamed video and store it locally on the user's computer in the form of an MP3 file.

24.     By doing so, the user can thereby listen or view the locally stored content when not connected to the Internet and without the necessity of visiting the website on which the original content resides.

25.     In essence, Yout allows a user to time shift content.

26.     Yout never saves or retains its users' time-shifted content on its own servers.

27.     Many content creators use Yout's service to record their own original videos.

28.     Further, many content creators encourage their audience and fans to use Yout to record and play back their original content.

29.     The RIAA is a trade organization which states that it "supports and promotes the creative and financial vitality of the major music companies."[2]

30.     On October 25, 2019, RIAA, on behalf of Doe Record Companies 1-10, sent an anti-circumvention notice under 17 U.S.C. § 512(c)(3) to Google with the purpose of causing Google to delist Yout's software platform, rendering it undiscoverable for many Internet users to record content stored on YouTube.

31.     The October 25, 2019 notice reads as follows:

> To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.
>
> circumvention content: The services provided at the URLs indicated circumvent YouTube's technological protection measures.
>
> circumvention mechanism: To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

October 25, 2019, DMCA notice (attached hereto as Exhibit A).

32.     On October 26, 2019, RIAA, on behalf of Doe Record Companies 1-10, sent a second DMCA notice to Google with the purpose of causing Yout's URL to be delisted rendering it undiscoverable to Yout's user audience.

33.     The October 26, 2019 notice reads as follows:

> To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection

---

[2] *See RIAA website available at* https://www.riaa.com/.

> measure, that protects our members' works on YouTube from unauthorized copying/downloading circumvention mechanism: To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

October 26, 2019, DMCA notice (attached hereto as Exhibit B).

34. On June 22, 2020, RIAA, on behalf of Doe Record Companies 1-10, sent a third anti-circumvention notice to Google with the purpose of causing Yout's URL to be delisted, rendering it undiscoverable to Yout's user audience.

35. The June 22, 2020 notice reads as follows:

> To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading circumvention mechanism: To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

June 22, 2020, DMCA notice (attached hereto as Exhibit C).

36. Essentially, the foregoing DMCA notices sent to Google by the RIAA on behalf of all Defendants ("Defendants' DMCA Notices") allege violations of 17 U.S.C. § 1201(a) which prohibits circumventing a technological protection measure put in place by a copyright owner to control access to a copyrighted work.

37. Contrary to Defendants' allegations, Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

38. In fact, any digital mechanism in place designed as anti-circumvention technology stops Yout users from recording and saving that protected work, thereby demonstrating Yout's compliance with any anti-circumvention protections in place.

39.     Yout simply allows its users to record publicly available media content already on the Internet for their own personal, time-shifted viewing and listening.

40.     Such time-shifting purposes, absent specific circumvention of technological copyright protections, cannot be the basis for an alleged violation of 17 U.S.C. § 1201.

41.     Yout does not violate 17 U.S.C. § 1201.

## Public Perception

42.     The Defendants' DMCA Notices cause third parties to believe Yout engaged and continues to engage in illegal and unlawful conduct.

43.     Yout does not engage in illegal and unlawful conduct.

## Intent and Actual Malice

44.     The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to harm the Plaintiffs.

45.     The foregoing wrongful conduct engaged in by the Defendants shall hereinafter be referred to as the "Wrongful Conduct."

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
## DECLARATORY RELIEF UNDER 17 U.S.C. §1201

46.     The Plaintiffs hereby incorporate by reference Paragraphs 1 through 45 above in this First Count as though fully set forth herein.

47.     Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

48.     Yout's software platform is not primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner.

49.     In fact, any digital mechanism in place designed as anti-circumvention technology stops Yout users from recording and saving that protected work.

50.     As such, Yout complies with any and all anti-circumvention protections in place.

51.     Yout's software platform has commercially significant purposes and uses other than to circumvent a technological measure that effectively controls access to a copyrighted work or that protects the right of a copyright owner.

52.     For example, Yout's software platform allows its users to record publicly available media content already on the Internet for their own personal, time-shifted viewing and listening, such as when its users are offline.

53.     Yout's software platform has not been marketed for use in circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner.

54.     Rather, Yout's software platform allows its users to record publicly available media content already on the Internet, without any anti-circumvention protection, for their own personal, time-shifted viewing and listening.

55.     Based on the foregoing, Yout requests a judicial determination and declaration that Yout's software platform does not violate 17 U.S.C. § 1201.

56.     Such a judicial determination and declaration is necessary to protect Yout from the Defendants' DMCA Notices, which are causing Yout injury by, among other things, damaging its goodwill and disrupting its business.

57.     By serving Defendants' DMCA Notices under 17 U.S.C. § 512(c)(3) to Google, with the purpose of causing Yout's URL to be delisted and its software platform undiscoverable to its users and/or potential users, Defendants have directly interfered with Yout's relationships

with its customers and partners.

58.     Without the requested declaration that it does not violate 17 U.S.C. § 1201, the Defendants will continue to harm Yout, jeopardize Yout's interests, and attempt to terminate Yout's business operations.

59.     WHEREFORE, the Plaintiff seeks a declaratory judgment from this Court:

(a)     Determining and adjudicating the rights and liabilities of the parties with respect to Yout's non-circumventing software platform;

(b)     Holding that Yout and its software platform does not violate the provisions of 17 U.S.C. § 1201 as alleged by Defendants' DMCA Notices;

(c)     Holding that Yout and its software platform does not violate the Defendants' rights; and,

(d)     Granting Yout such other and further relief that this Court deems proper under the facts and circumstances.

## COUNT TWO
## AS AND FOR A SECOBD CAUSE OF ACTION
## VIOLATIONS OF 17 USC § 512(f)

60.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 45 above in this Second Count as though fully set forth herein.

61.     In the Defendants' DMCA Notices to Google, the Defendants alleged Yout's software platform is designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

62.     Contrary to Defendants' allegations, Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

63.     Yout's software platform does not descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

64.     In fact, any digital mechanism in place designed as anti-circumvention technology prevents any user of Yout and its software platform from recording and saving works protected by such technology.

65.     As such, Yout's software platform complies with any anti-circumvention protections in place.

66.     The Defendants failed to determine whether Yout's software platform would, in fact, circumvent such digital mechanism by testing the platform with any of the Doe Record Companies 1-10 works protected by such digital mechanisms.

67.     In so doing, the Defendants misrepresented that Yout's software platform circumvents digital copyright mechanisms and infringes the Defendants' rights.

68.     Alternatively, the Defendants knew Yout's software platform does not circumvent digital copyright mechanisms under the law and does not infringe the Defendants' rights, but chose to send the Defendants' DMCA Notices anyway.

69.     In any case, the Defendants knowingly misrepresented the nature of Yout's services by and through distribution and publication of the Defendants' DMCA Notices in which it claims Yout's software platform circumvents digital copyright mechanisms and infringes the Defendants' rights.

70.     The Defendants, by serving Defendants' DMCA Notices under 17 U.S.C. § 512(c)(3) to Google, with the purpose of causing Yout's URL to be delisted and its software platform undiscoverable to its users, have directly interfered with Yout's relationships with its customers, partners, and potential users.

71.     Google relied on the Defendants' misrepresentations.

72.     Google delisted Yout based on the Defendants' misrepresentations.

73.     The Defendants' misrepresentations injured Yout and caused it to suffer damages and harm.

74.     By such conduct, the Defendants have caused Yout monetary damages.

75.     As the Defendants knowingly misrepresented circumvention of digital copyright mechanisms and infringement of the Defendants' rights, the Defendants violated 17 U.S.C. § 512(f).

76.     As the Defendants violated 17 U.S.C. § 512(f), Yout is entitled to recovery of damages.  Yout is also entitled to its costs and attorney's fees.

77.     WHEREFORE, based upon the Defendants' violation of 17 U.S.C. § 512(f), the Plaintiff Yout LLC seeks an award of compensatory damages as well as its costs and attorney's fees.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION
## BUSINESS DISPARAGEMENT

78.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 45 above in this Second Count as though fully set forth herein.

79.     In the Defendants' DMCA Notices to Google, the Defendants falsely stated that Yout's software platform circumvents YouTube's rolling cipher, a technical protection measure that protects Doe Record Companies 1-10's works on YouTube from unauthorized copying/downloading.

80.     Yout's software platform does not circumvent YouTube's rolling cipher.

81.     The Defendants falsely stated that Yout's software platform is designed to

descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

82.     Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

83.     The Defendants falsely claimed that Yout infringes their rights, particularly the copyrights of the Doe Record Companies 1-10.

84.     Yout does not infringe the Defendants' rights including, but not limited to, the copyrights of the Doe Record Companies 1-10.

85.     In fact, by respecting anti-circumvention technology in place, Yout facilitates protection of the copyrights of the Doe Record Companies 1-10.

86.     The Defendants' DMCA Notices to Google falsely and impliedly stated that Yout's software platform violates 17 U.S.C. § 1201.

87.     Neither Yout nor Yout's software violates 17 U.S.C. § 1201.

88.     Thus, the Defendants' DMCA Notices contain false and disparaging statements regarding Yout's business and software platform which the RIAA published to one or more third parties.

89.     Indeed, the Defendants knew that the Defendants' DMCA Notices would be publicly published as take-down notices.

90.     The Defendants' false statements prejudiced and continue to prejudice Yout as well as its business and professional relationships.

91.     The Defendants' false statements caused harm to Yout resulting in damages to Yout.

92.     Based on the foregoing, the Defendants' false statements constitute business

disparagement.

93.     As a result of Defendants' statements and business disparagement of it, Yout has

suffered and continues to suffer damages including, but not limited to, harmed reputation, loss of

business, loss of profits, loss of revenue, and loss of goodwill.

94.     By engaging in the Wrongful Conduct, the Defendants acted with fraud and

malice, entitling Plaintiff to punitive and exemplary damages.

95.     WHEREFORE, based upon the Defendants' business disparagement of Yout,

Plaintiff Yout LLC seeks an award of compensatory and punitive damages as well as any such

other and further relief as this Court may deem just and proper or to which Yout may be entitled

as a matter of law and equity.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION
## DEFAMATION *PER SE*

96.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 45 above in

this Second Count as though fully set forth herein.

97.     The Defendants published false statements about Yout to third parties.

98.     These false statements accused Yout of engaging in unlawful activity.

99.     These false statements accused Yout of engaging in illegal activity.

100.    These false statements accused Yout of acting without integrity by allowing third

parties to infringe the Defendants' rights.

101.    As such, the Defendants falsely accused Yout of infringing and facilitating the

infringement of the Defendants' rights.

102.    The Defendants' false statements caused Google to delist Yout from its search

engines.

103.    The Defendants' false statements caused third parties from finding Yout's services.

104.    The Defendants' false statements caused third parties to deter from using Yout's services.

105.    The Defendants and their false statements caused Yout to suffer harm and damages.

106.    The Defendants' statements were unprivileged.

107.    Alternatively, if the Defendants' statements were subject to any privilege, the Defendants abused the privilege by knowingly making false statements about Yout and/or acting with reckless disregard for the truth or falsity of the statements.

108.    The Defendants' false statements give rise to a claim for defamation per se as they impute criminal conduct, lack of integrity, and prejudice Yout in its business.

109.    WHEREFORE, based on the Defendants' defamatory *per se* statements, the Plaintiff Yout LLC seeks an award of compensatory and punitive damages.

**<u>GENERAL</u>**

110.    Where conditions precedent are alleged, Yout avers that all conditions precedent have been performed or occurred.

111.    Yout demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, PLAINTIFF YOUT LLC accordingly and respectfully demands judgment against the DEFENDANTS THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10 as follows:

a. That this Court specifically determine that Yout LLC's software platform does not violate 17 U.S.C. §1201;

b. That the Plaintiff be awarded compensatory and punitive damages, respectively, in amounts to be determined at trial by a jury;

c. That the Plaintiff be awarded its attorneys' fees and costs; and

d. That this Court grant Yout LLC any such other and further relief to which it may be entitled as a matter of law and as deemed appropriate by this Court.

Dated: Chicago, Illinois
October 25, 2020

Respectfully Submitted,
PLAINTIFF, YOUT LLC

/s/ Charles Lee Mudd, Jr.
By: One of Its Attorneys
Charles Lee Mudd Jr.
MUDD LAW
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 Telephone
312.803.1667 Facsimile
clm@muddlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **YOUT LLC,** | ) | |
| | ) | **CIVIL ACTION NO.___** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE RECORDING INDUSTRY** | ) | |
| **ASSOCIATION OF AMERICA, INC. and** | ) | |
| **DOE RECORD COMPANIES 1-10,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**JURY DEMAND**

The Plaintiff demands a trial by jury.

<u>/s/ Charles Lee Mudd Jr.</u>
Charles Lee Mudd Jr.