## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| YOUT LLC, | ) | |
| | ) | **CASE NO. 3:20-cv-01602-SRU** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE RECORDING INDUSTRY | ) | |
| ASSOCIATION OF AMERICA, INC. and | ) | |
| DOE RECORD COMPANIES 1-10, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT RIAA'S MOTION TO DISMISS PLAINTIFF YOUT LLC'S FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

I.   BACKGROUND AND PROCEDURAL HISTORY ........................................................ 1

   A.   RIAA's DMCA Notices Are Deceptive, False, and Overbroad. ............................. 2

   B.   YouTube's "Rolling Cipher" is not an Effective Technology Protection
      Measure Such That Yout's Service Would Circumvent It. .................................... 3

   C.   RIAA's Actions Have Caused Yout Significant Monetary and Reputational
      Damage ............................................................................................................. 4

   D.   Procedural Posture ........................................................................................... 5

II.  STANDARD ........................................................................................................... 6

III. ARGUMENT .......................................................................................................... 6

   A.   YOUT SUFFICIENTLY PLEADS A CLAIM FOR DECLARATORY JUDGMENT AS
      TO DEFENDANTS' 17 USC § 1201 ALLEGATIONS ...................................... 7

     1.   *Yout's Mere Use of the Signature Value Does Not Violate 17 USC §1201* .................. 8

     2.   *RIAA has not Identified any Copyrighted Works at Issue.* ............................................ 10

   B.   THE DISPUTE BETWEEN THE PARTIES IS ONGOING AND WILL NOT BE
      RESOLVED UNLESS THE COURT EXERCISES JURISDICTION OVER YOUT'S
      DECLARATORY JUDGMENT CLAIM. ....................................................... 12

   C.   YOUT SUFFICIENTLY PLEADS A CLAIM UNDER 17 U.S.C. § 512(F). .................. 14

   D.   YOUT SUFFICIENTLY PLEADS CLAIMS FOR DEFAMATION PER SE AND
      BUSINESS DISPARAGEMENT ..................................................................... 18

   E.   IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND ................................. 19

IV.  CONCLUSION ..................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) .......................................................................... 6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ...................................................... 6

Chamberlain Group, Inc. v. Skylink Tech., Inc., 381 F.3d 1178, 1193 (Fed. Cir. 2004) ....... 11, 13

Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1203-1204 (Fed.Cir.2004) .... 12

DISH Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452, 466 (E.D.N.Y. 2012) ............ 10

Egbarin v. Hoffmann & Associates, No. 3:18-cv-917 (VAB), 2019 U.S. Dist. LEXIS 38985, at
   *12 (D. Conn. Mar. 12, 2019) ......................................................................................... 21

Egilman v. Keller & Heckman, LLP, 401 F. Supp. 2d 105, 113 (D.D.C. 2005) ...................... 9, 11

Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980) ........................................................... 7

Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) ................................................. 7, 13, 21, 22

Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey, 497 F. Supp. 2d 627, 644
   (E.D. Pa. 2007) ................................................................................................................ 9

Io Group, Inc. v. Veoh Networks, Inc., 586 F. Supp. 2d 1132, 1141-54 (N.D. Cal. 2008) .......... 17

ISE Entertainment Corp. v. Longarzo, No. CV 17-9132-MWF(JCx), 2018 U.S. Dist. LEXIS
   40755, at *18-19 (C.D. Cal. Feb. 2, 2018) ...................................................................... 20

Jagex Ltd. v. Impulse Software, 750 F. Supp. 2d 228, 237 (D. Mass. 2010) .............................. 11

MDY Indus, LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 944-52 (9th Cir. 2010) ..................... 13

MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) ............................................... 18

New York Times Co. v. Gonzales, 459 F.3d 160, 167 (2d Cir. 2006) ................................... 14, 16

Qsp, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 360 (2001) .................................... 21

Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.
   1984) .............................................................................................................................. 6

Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 549 (6th Cir. 1004) ........ 12

Simms v. Seaman, 308 Conn. 523, 547-48 (2013) ................................................................. 21

Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc., 421 F.3d 1307, 1318 (Fed.
   Cir. 2005) ....................................................................................................................... 12

Universal City Studios v. Corley, 273 F.3d 429, 435 (2d Cir. 2001) ........................................ 12

Veoh Networks, Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1270 (S.D. Cal. 2007) .. 16

Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) ............................................................ 14

Windstream Services, LLC v. BMG Rights Management (US) LLC, No. 16 Civ. 5015, 2017
   U.S. Dist. LEXIS 58204, at *17 (S.D.N.Y. Apr. 17, 2017) ................................................ 16


**Statutes**

17 U.S.C. § 1201 ........................................................................................................ passim

17 U.S.C. § 501 ............................................................................................................... 18

17 U.S.C. § 512 ............................................................................................................... 17

17 U.S.C. § 512(c)(3) ........................................................................................................ 2

17 U.S.C. §1201(a)(3) ....................................................................................................... 8

17 U.S.C. 512(c)(1) ......................................................................................................... 17

17 USC § 512(f) ............................................................................................................... 1

17 USC §1201(a)(1) ................................................................................................... 7, 8, 9

17 USC §1201(a)(2) ..................................................................................................... 8, 11

28 U.S.C. § 2201(a) ......................................................................................................... 14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 6
Federal Rule of Civil Procedure 15(a) ............................................................................... 22

NOW COMES THE PLAINTIFF YOUT LLC ("Yout" or "Plaintiff"), by and through its attorneys, Mudd Law, and files this Response in Opposition to Defendant the RIAA's Motion to Dismiss Plaintiff Yout LLC's First Amended Complaint ("Motion") and in support hereof shows the Court the following:

As will be discussed more fully below, the RIAA's motion is based on erroneous assumptions and misguided interpretations of law and must fail. First, mere *use* of a technological measure as it is used in ordinary course cannot be manufactured into a circumvention violation of 17 U.S.C. § 1201. Second, the purported "rolling-cipher" is not an effective technological measure, as the means of access is freely given without any need for circumvention. Third, contrary to the RIAA's assertions, circumvention alone does not establish a violation of the DMCA unless there is a nexus between the use of a particular circumvention technology and actual copyright infringement. Fourth, though the RIAA asks the Court to decline jurisdiction, the Second Circuit factors (ignored by the RIAA) necessitate the Court accepting jurisdiction over Yout's declaratory judgment action. Fifth, contrary to the RIAA's argument that it need not comply with the statute, the RIAA's notices impute allegations of copyright infringement, and therefore violate 17 USC § 512(f). Finally, although the RIAA argues that Plaintiff has failed to plead the knowledge and falsity necessary to its § 512(f), defamation *per se*, and business disparagement claims, the RIAA's assertions confirm the falsity of the statements made in the notices and the RIAA's knowledge of such falsity.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This lawsuit stems from a series of notices sent by Defendant, The Recording Industry Association of America, Inc. (the "RIAA"), on behalf of its member companies to Google, LLC, ("Google") who owns and operates YouTube, a ubiquitous video sharing platform ("the

Notices"). Pl.'s First Am. Compl. ¶¶ 30-36, ECF No. 9.

### A. **RIAA's DMCA Notices Are Deceptive, False, and Overbroad.**

Although the RIAA argues that the Notices were not sent pursuant to 17 U.S.C. §

512(c)(3), for reasons more specifically set forth below, Yout maintains that because of the

allegations contained therein, the Notices are covered by 17 U.S.C. § 512(c)(3). Id. ¶¶ 30, 64, 77.

The RIAA sent the Notices with the purpose of having Google delist Yout's site, thereby

becoming undiscoverable to Yout's users and for Yout's service to be rendered inoperable. Id.

For example, the notice sent on October 25, 2019, reads:

> To our knowledge, the URLs provide access to a service (and/or software) that
> circumvents YouTube's rolling cipher, a technical protection measure, that protects our
> members' works on YouTube from unauthorized copying/downloading.
>
> circumvention content: The services provided at the URLs indicated circumvent
> YouTube's technological protection measures.
>
> circumvention mechanism: To our knowledge, the URLs provide access to a service
> (and/or software) that circumvents YouTube's rolling cipher, a technical protection
> measure, **that protects our members' works on YouTube from unauthorized
> copying/downloading**.
>
> Id. ¶ 31.

Each of the subsequent Notices reflect substantially the same language. Id. ¶¶ 31, 33, and 35.

The RIAA concedes that the Notices allege violations of § 1201. Def.'s Mem. in Supp. of

Mot. to Dismiss 17, ECF No. 28-1 ("Def.'s Mem.") ("…here, violations of section 1201 of the

DMCA…"). The RIAA likewise concedes that a violation of § 1201 requires that circumvention

occur "*without the authority of the copyright owner*." Id. at 16. Thus, to prove a violation, the

RIAA's members must show not only circumvention but that the circumvention results in access

to a copyrighted work. Id. However, the RIAA's notices do not identify specific works

purportedly protected by the alleged technological protection measure. Pl.'s First Am. Compl. ¶¶

31, 33, and 35, ECF No. 9.

The Notices impaired Yout users' ability to use the service with **all works**, not just those unidentified alleged works of RIAA's member companies. Many content creators use Yout's service to record their own original videos. Further, many content creators encourage their audience and fans to use Yout to record and play back their original content. Id. ¶¶ 27-28. Indeed, Yout's service is much broader than "stream ripping" goes. In fact, sound downloads are just an incidental component to the larger picture, which is video content, from any video sharing website, not just Youtube. The RIAA's continued campaign against Yout would disable that ability which has nothing to do with the protection of the RIAA member copyrighted works.

In fact, Yout's service will not allow access to works protected by an effective technological protection measure. Any digital mechanism in place designed as anti-circumvention technology already stops Yout users from recording and saving that protected work, thereby demonstrating Yout's compliance with any anti-circumvention protections in place. Pl.'s First Am. Compl. ¶ 38, ECF No. 9. The RIAA is aware of these safeguards Yout implements in compliance with DMCA regulations - this is not wherein the issue before this Court lies. Id. ¶ 73.

### B.  <u>YouTube's "Rolling Cipher" is not an Effective Technology Protection Measure Such That Yout's Service Would Circumvent It.</u>

The RIAA's inaccurate interpretation of YouTube's "rolling cipher" demonstrates its clear misunderstanding of what constitutes an effective technological protection measure. Yout's software platform operates using a configured version of youtube-dl with ffmpeg to ensure that no content will be stored on its servers.  It specifically states this in the Yout terms of service and FAQ. Pl.'s First Am. Compl. at 6 n.3, ECF No. 9. Yout's software platform works the same way

as a browser does when it encounters the signature mechanism: it reads and interprets the JavaScript[1] program sent by YouTube, derives a signature value [referred to by RIAA as a "rolling cipher"], and sends that value back to YouTube to initiate the video stream. Id. ¶ 41. Yout's software platform contains no password, key, or other secret knowledge that is required to access YouTube videos. Id. ¶ 42. It simply uses the same mechanism that YouTube presents to each and every user who views a video. Id. ¶ 43. Yout need not decrypt, bypass, or avoid anything as the signature value is freely given and Yout uses the value, not in any nefarious way, but as YouTube provides it to anyone that requests it. Pl.'s First Am. Compl. ¶¶ 41-45, ECF No. 9.

Yout cannot "circumvent" the rolling cipher as that term is defined in 17 U.S.C. § 1201 because YouTube provides the means of accessing these video streams to anyone who requests them. In other words, one cannot "circumvent" an access control by using publicly available means that is freely given by YouTube in the ordinary course of users streaming videos. Id. ¶ 44. As set forth below, it is the law of this Circuit that such use of a technological measure cannot be manufactured into a violation of 17 U.S.C. § 1201.

### C.  RIAA's Actions Have Caused Yout Significant Monetary and Reputational Damage

Yout provides its service through both subscription and non-subscription formats. The RIAA has caused Yout's subscription customers to cancel subscriptions after receiving a notification from Google when searching for "yout.com" that "In response to multiple complaints we received under the US Digital Millennium Copyright Act, we have removed 2

---

[1] JavaScript is an object-oriented computer programming language commonly used to enable interaction within all major web browsers. See, generally, Wikipedia, the Free Encyclopedia, JavaScript, https://en.wikipedia.org/wiki/JavaScript (last visited February 18, 2021).

results from this page. If you wish, you may read the DMCA complaints that caused the

removals at LumenDatabase.org: [links to the Notices]." Pl.'s First Am. Compl. ¶ 49, ECF No. 9.

The RIAA has caused third parties to believe that Yout engages and continues to engage in

illegal and unlawful conduct, yet Yout's actions are not illegal or unlawful. Id. ¶¶ 47-48. PayPal

has shut down Yout's account—likely due to the RIAA's notices—causing Yout further

significant monetary and reputational damage. Id. ¶ 50.

On November 15, 2020, the Electronic Frontier Foundation published a letter to GitHub

[https://www.eff.org/document/eff-letter-github-youtube-dl-takedown] which illustrates the

operation of the youtube-dl tool. See Pl.'s First Am. Compl. 6 n.3, ECF No. 9. Although Yout's

software does not employ every aspect of the youtube-dl tool hosted on GitHub, the letter offers

a simple description of how the youtube-dl tool, and Yout's software, interact with the YouTube

streaming service. Id.

The letter also offers support from a third-party for Yout's position that the so-called

"rolling-cipher" is not an effective technological protection measure and that Yout need not

decrypt, bypass, or avoid anything as the signature value is freely given and Yout uses the value,

not in any nefarious way, but as it is provided by YouTube to use by anyone that requests it. Id.

¶¶ 41-45. Anyone can access and use the signature value with YouTube's streaming service

using only a browser, without other software, youtube-dl, the Yout service, or any similar tool.

Id. ¶¶ 41-45. Note that the RIAA does not dispute the accuracy of the description as to how the

service operates.

### D.  Procedural Posture

As a result of its damages and the RIAA's conduct, Yout had no choice but to file the

instant lawsuit on October 25, 2020. See generally Pl.'s Compl., ECF No. 1. As addressed

below, the RIAA moves to dismiss Yout's First Amended Complaint based on several erroneous assumptions and misguided interpretations of law which do not reflect the law of the Second Circuit, nor the other district courts in this Circuit, and the Court should deny the RIAA's Motion on all counts. The RIAA also requests that the Court decline jurisdiction over Yout's declaratory judgment claim because a decision would be too far reaching and important. As set forth below, based on the factors followed by the Second Circuit, the Court should retain jurisdiction over Yout's declaratory judgment action.

## II.   <u>STANDARD</u>

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." <u>Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984) (quoting <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)). When reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. <u>Graziano v. Pataki</u>, 689 F.3d 110, 114 (2d Cir. 2012).

## III.   <u>ARGUMENT</u>

Each of the RIAA's erroneous assumptions and misguided interpretations of law fail to defeat the claims in the First Amended Complaint in accordance with Rule 12(b)(6). First, this

Court has authority to make a declaratory judgment based on the RIAA's 17 USC § 1201 allegations. Specifically, the dispute between the parties is ongoing and will not be resolved unless the court exercises jurisdiction over Yout's declaratory judgment claim. Moreover, Yout sufficiently pled its claim under 17 U.S.C. § 512(f) because the Notices clearly accuse Yout of secondary copyright infringement. Finally, Yout's Amended Complaint sufficiently pled state law claims for business disparagement and defamation *per se*. Therefore, the RIAA's motion should be denied in its entirety.

### A. <u>YOUT SUFFICIENTLY PLEADS A CLAIM FOR DECLARATORY JUDGMENT AS TO DEFENDANTS' 17 USC § 1201 ALLEGATIONS</u>

The First Amended Complaint sufficiently demonstrates that Yout's service does not violate 17 USC § 1201(a)(1) or (2). The DMCA contains two provisions targeted at the circumvention of technological protections which are at issue in this case - 1) 17 USC § 1201(a)(1)  , which targets *the act of circumvention*; and 2) 17 USC §1201(a)(2), which targets those who *traffic in technology that can circumvent*. Specifically, § 1201(a)(1) states "no person shall *circumvent* a technological measure that effectively controls access to a work protected under this title." 17 USC § 1201(a)(1) (emphasis added). Likewise, 17 USC §1201(a)(2) provides:

> No person *shall manufacture, import, offer to the public, provide, or otherwise traffic* in any technology, product, service, device, component, or part thereof, that . . . is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; . . . has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or . . . is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

> 17 U.S.C. § 1201 (a)(2) (emphasis added).

In its Motion to Dismiss and via the Notices, the RIAA incorrectly alleges that Yout has violated both provisions. Yet, 17 U.S.C. § 1201(a)(3) clarifies both 17 U.S.C. § 1201(a)(1) and (2) by defining "circumvent a technological measure" to mean "to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. §1201(a)(3)  . The same section further defines "effectively controls access to a work" to mean that the measure, "in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." Id. Therefore, in applying those definitions to the nature of Yout's service, it is clear that Yout does not violate 17 USC § 1201(a)(1) or (2).

### 1. <u>Yout's Mere Use of the Signature Value Does Not Violate 17 USC §1201.</u>

As fully set forth in Yout's First Amended Complaint, Yout does not decrypt, bypass, or avoid anything as the signature value is freely accessed by anyone who seeks it.  The freely accessible value, then, is utilized by Yout in the most basic of terms – essentially a "copy/paste" scenario, just as it is provided by ANY original online content stream. Pl.'s First Am. Compl. ¶¶ 41-45, ECF No. 9. It does not avoid, decrypt, or bypass any technological measure. As explained by the Eastern District of Pennsylvania, the use of the words "avoid" and "bypass" in the statute, "as well as the remainder of the words describing circumvent, imply that a person circumvents a technological measure only when he affirmatively performs an action that disables or voids the measure that was installed to prevent them from accessing the copyrighted material." <u>Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey</u>, 497 F. Supp. 2d 627, 644 (E.D. Pa. 2007); <u>see</u> <u>also</u> <u>Egilman v. Keller & Heckman, LLP</u>, 401 F. Supp. 2d 105, 113 (D.D.C. 2005) ("Circumvention, as defined in the DMCA, is limited to actions that 'descramble,' 'decrypt,'

'avoid, bypass, remove, deactivate or impair a technological measure.' 17 U.S.C. § 1201 (a)(3). What is missing from this statutory definition is any reference to 'use' of a technological measure without the authority of the copyright owner, and the court declines to manufacture such language now.").

The instant facts parallel those in the Eastern District of New York case, <u>DISH Network L.L.C. v. World Cable Inc.</u>, wherein the defendant was accused by the plaintiff, DISH Network, of violations of 17 U.S.C. § 1201  (a)(1) for using legally obtained cable boxes to descramble satellite signals, then using its own technology to rebroadcast the signals after decryption. <u>DISH Network L.L.C. v. World Cable Inc.</u>, 893 F. Supp. 2d 452, 466 (E.D.N.Y. 2012). There, the court granted the defendant's motion to dismiss the plaintiff's DMCA claims holding:

> [E]ven assuming that the Defendants gained access to the DISH Network signals through "fraud and deceit", the Defendants use of the normal process to decrypt the satellite signal did not avoid or bypass the conditional access system because they used the intended mechanism—the EchoStar receiver and NagraStar smart card—in precisely the manner in which they were designed to function. The fact that the Defendants may have used the EchoStar receivers and NagraStar smartcards at an unauthorized location for an unauthorized purpose is irrelevant because "circumvention" is explicitly limited to the actions listed in § 1201(a)(3)(A). Therefore, although stealing an EchoStar receiver or a password may enable unauthorized re-broadcasting of the copyrighted material, it does not "circumvent" the "technological measure" controlling access the works.

> <u>Id.</u> at 466.

Here, the methodology employed by Yout is analogous. Yout utilizes the same signature value freely distributed by any video-sharing website, such as YouTube. This is the exact same signature value that appears to any web browser. Yout need not decrypt, bypass, or avoid anything as these signature values are freely given, and Yout uses the value, not in any cryptic way, but just as it is provided by any video-sharing website to anyone that requests it. Pl.'s First Am. Compl. ¶¶ 41-45, ECF No. 9. Anyone can access and use the signature value of any free

streaming content's using only a browser, without other software, youtube-dl, the Yout service, or any similar tool. Id. ¶¶ 41-45.

### 2. RIAA has not Identified any Copyrighted Works at Issue.

Because Yout does not circumvent any effective technological protection measure, it need not reach the portion of the statute which requires that circumvention be "without the authorization of the copyright owner." Egilman, 401 F. Supp. 2d at 113 (Holding that the DMCA does not prohibit mere "'use' of a technological measure without the authority of the copyright owner, and the court declines to manufacture such language now."). However, that too is in question as Defendant has not identified any copyrighted works at issue.

To prove a violation of § 1201, Defendant's members must show not only circumvention but that the circumvention results in access to a copyrighted work. See Jagex Ltd. v. Impulse Software, 750 F. Supp. 2d 228, 237 (D. Mass. 2010) (noting that HN5 DMCA claim "is dependent on proof of a valid copyright"); see also Chamberlain Group, Inc. v. Skylink Tech., Inc., 381 F.3d 1178, 1193 (Fed. Cir. 2004) (stating in the context of a § 1201(a)(2) claim that a DMCA plaintiff must prove, inter alia, "ownership of a valid copyright on a work"). However, nothing in the RIAA's notices references ownership of any specific copyrighted work purportedly protected by the rolling cipher. Pl.'s First Am. Compl. ¶¶ 31, 33, and 35, ECF No. 9.

Some courts have concluded that a violation of any provision of § 1201 likewise requires a nexus between the purported circumvention and actual copyright infringement.  See Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 549 (6th Cir. 1004) (holding that a modification chip designed to make third party ink cartridges compatible with Lexmark printers was not primarily designed to circumvent copyright and thus did not violate the DMCA); Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1203-1204 (Fed. Cir. 2004)

(stating that circumvention alone does not establish a violation of the DMCA unless it can also

be demonstrated that there is a nexus between the use of a particular circumvention technology

and actual copyright infringement); see also Storage Tech. Corp. v. Custom Hardware Eng'g &

Consulting, Inc., 421 F.3d 1307, 1318 (Fed. Cir. 2005) ("[C]ourts generally have found a

violation of the DMCA only when the alleged access was intertwined with a right protected by

the Copyright Act.") (citing Universal City Studios v. Corley, 273 F.3d 429, 435 (2d Cir.2001)).

   In fact, the Ninth and Federal Circuits have split regarding whether a § 1201(a) plaintiff

must demonstrate that the circumvention infringes or facilitates infringement of a copyrighted

work. See MDY Indus, LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 944-52 (9th Cir. 2010);

Chamberlain Group, Inc. v. Skylink Techs, Inc., 381 F.3d at 1203. Here, we need not address the

split because, though no specific copyrighted work is named, it is clear from the Defendants'

motion and from the contents of the Notices that the RIAA and its member companies accuse

Yout of facilitating copyright infringement and, as a result, allege contributory copyright

infringement. Def.'s Mem. 6, ECF 28-1 ("Plaintiff reaps ill-gotten profits by facilitating the

unlawful reproduction of the record companies' copyrighted sound recordings without obtaining

licenses or paying the record companies for the exploitation of the works that fuel Plaintiff's

business."); Pl.'s First Am. Compl. ¶ 30, ECF No. 9 ("To our knowledge, the URLs provide

access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical

protection measure, that protects our members' works on YouTube from unauthorized

copying/downloading.").

   At a minimum, based on the above, Yout has shown that a justiciable controversy exists

and that despite the Defendants' allegations, Yout plausibly pleads that it does not violate the

provisions of 17 U.S.C. § 1201. As the Court must draw all reasonable inferences in Yout's

favor, Yout respectfully requests that the Court deny Defendant's motion as to its claim for declaratory judgment as to whether it violates the DMCA anti-circumvention provisions. Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

### B. THE DISPUTE BETWEEN THE PARTIES IS ONGOING AND WILL NOT BE RESOLVED UNLESS THE COURT EXERCISES JURISDICTION OVER YOUT'S DECLARATORY JUDGMENT CLAIM.

Contrary to the RIAA's argument, this Court can and should exercise jurisdiction over Yout's Declaratory Judgment claim. Under the Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A district court may issue a declaratory judgment only in "a case of actual controversy within its jurisdiction." Id. As noted by the RIAA, the Act does not require the courts to issue a declaratory judgment. Rather, it "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

A court in the Second Circuit must review five factors before it determines whether to entertain a declaratory judgment action: "(i) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved (ii) whether a judgment would finalize the controversy and offer relief from uncertainty; (iii) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (iv) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (v) whether there is a better or more effective remedy." New York Times Co. v. Gonzales, 459 F.3d 160, 167 (2d Cir. 2006) (citations omitted).

Application of these factors warrants the exercise of jurisdiction over the claims. First, a judgment here could serve a useful purpose in clarifying or settling the legal issue of whether

there has been a violation of § 1201 , and more specifically, whether the Yout service circumvents an effective technological protection measure as defined by the statute. The second factor also weighs in favor, because a judgment could finalize the controversy; if no violation of § 1201 has occurred, then the RIAA's continued notices to Google are invalid and Yout and its customers may proceed. The third factor also weighs in favor, as the continued imputed threat of litigation from the RIAA via the Notices suggests that the proposed remedy is not merely procedural fencing or a race to res judicata. In fact, the RIAA has made overt efforts, via the parties' Rule 26(f) report, to ensure the Defendant's ability to bring counterclaims after the instant motion is ruled upon. See R. 26(f) Rep. 3, 6, and 8, ECF No. 29. The fourth factor is neutral in that there is no reason to believe that a declaratory judgment would increase friction between sovereign legal systems or encroach on the domain of a state or foreign court. Other courts have made legal determinations regarding the legality of Yout's service limited to those jurisdictions but no declaratory judgment by this Court would upend those decisions. The fifth factor weighs heavily in favor, there is no indication that there is a better or more effective remedy.

The RIAA, in requesting that the Court decline jurisdiction over Yout's claims, ignores consideration of the five factors. Instead the RIAA requests that the Court decline jurisdiction (1) based on an unfounded allegation that Yout seeks only to litigate its affirmative defenses, and (2) any decision regarding Yout's declaratory judgment claim would be too far reaching and too important. As set forth above, there exist justiciable controversies regarding the core elements of Defendants' putative circumvention claims. These are not limited to fair use or any other defense. Further, in all the cases cited by the RIAA for this purported factor, the courts found that there existed no actual case or controversy. See, e.g., Windstream Services, LLC v. BMG

Rights Management (US) LLC, No. 16 Civ. 5015, 2017 U.S. Dist. LEXIS 58204, at *17

(S.D.N.Y. Apr. 17, 2017) ("The Court concludes that Windstream has not identified an actual

case or controversy sufficient to give this Court jurisdiction."); see also, e.g., Veoh Networks,

Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1270 (S.D. Cal. 2007)("Rather, there must

first be a real, substantial controversy before the Court can even consider whether a litigant is

entitled to the Section 512(c) defense. Plaintiff cannot have it both ways."). Notably, Defendant

does not argue that no actual case or controversy exists and, in fact, makes efforts to ensure their

ability to bring claims against Yout. See R. 26(f) Rep. 3, 6, and 8, ECF No. 29.

Finally, the fact that this Court's decision may have a far-reaching effect weighs in favor

of accepting jurisdiction. This issue is ripe for adjudication as indicated, at the very least, by the

involvement of third parties in voicing concern over the RIAA's anti-circumvention notice

campaign against users of youtube-dl and similar tools. Declining jurisdiction will leave these

issues in flux and Yout will have no recourse if, as Yout argues, no violation exists.

Each of the Second Circuit factors warrants the exercise of jurisdiction over Yout's

declaratory judgment action. New York Times Co., 459 F.3d at 167. As a result, Yout

respectfully requests that the Court accept jurisdiction over its declaratory judgment action and

deny the RIAA's motion to dismiss the declaratory judgment action on these grounds.

### C.  **YOUT SUFFICIENTLY PLEADS A CLAIM UNDER 17 U.S.C. § 512(f).**

The DMCA requires that copyright owners believing there is infringement of their

copyrights follow the notice provisions provided in 17 U.S.C. 512(c)(1) --a DMCA "Take Down

Notice"--in order to hold internet service providers liable for copyright infringement. See Io

Group, Inc. v. Veoh Networks, Inc., 586 F. Supp. 2d 1132, 1141-54 (N.D. Cal. 2008) (explaining

the structure and safe harbors created by the DMCA). Section 512(f) of the DMCA provides that

a person who "**knowingly materially misrepresents** under [Section 512]-(1) that material or

**activity is infringing** . . . shall be liable for any damages . . . incurred by the alleged infringer . . .

who is injured by such misrepresentation, as a result of the service provider relying on such

misrepresentation in removing or **disabling access** to the material or **activity** claimed to be

infringing." 17 U.S.C. § 512(f)(emphasis added).

While Section 512(f) is not explicitly limited to misrepresentation of copyright

infringement, it requires that the misrepresentation be "under [Section 512]," which deals

exclusively with copyright infringement, and sets forth in great detail when and how an internet

service provider can be liable for copyright infringement. See, generally, 17 U.S.C. § 512.

Further, common law supports causes of action for not only direct infringement under 17 U.S.C.

§ 501 but also for contributory copyright infringement and/or vicarious copyright infringement:

> One infringes contributorily by intentionally inducing or encouraging direct
> infringement… and infringes vicariously by profiting from direct infringement
> while declining to exercise a right to stop or limit it. Although the Copyright Act
> does not expressly render anyone liable for infringement committed by these
> doctrines of secondary liability emerged from common law principles and are
> well established in the law.

> MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (quotations and citations

omitted).

Here, by the Notices and by statements made in their briefing, the Defendants very

clearly accuse Yout of secondary copyright infringement. See Def.'s Mem. 6, ECF No. 28-1

("Plaintiff reaps ill-gotten profits by facilitating the unlawful reproduction of the record

companies' copyrighted sound recordings without obtaining licenses or paying the record

companies for the exploitation of the works that fuel Plaintiff's business."); see, also, ECF 9 at

¶30 ("To our knowledge, the URLs provide access to a service (and/or software) that

circumvents YouTube's rolling cipher, a technical protection measure, that protects our

members' works on YouTube from unauthorized copying/downloading."). The RIAA concedes

that the Notices allege violations of § 1201. Def.'s Mem. 17, ECF No. 28-1 ("…here, violations

of section 1201 of the DMCA…"). The RIAA likewise concedes that a violation of § 1201

requires "without the authority of the copyright owner." Id. at 16. Thus, to prove a violation, the

RIAA's members must show not only circumvention but that the circumvention results in access

to a copyrighted work. Id. However, RIAA's notices do not identify specific works purportedly

protected by the alleged technological protection measure. Pl.'s First Am. Compl. ¶¶ 31, 33, and

35, ECF No. 9. In fact, discovery will show that Yout's customers interpreted the Notices as

alleged copyright infringement.

The RIAA's Notices have blocked Yout users' ability to use the service with all works,

not just those unidentified alleged works of RIAA's member companies. Id. ¶30. Many content

creators use Yout's service to record their own original videos. Further, many content creators

encourage their audience and fans to use Yout to record and play back their original content.  Id.

¶¶ 27-28. The RIAA's continued campaign against Yout would disable that ability which has

nothing to do with the protection of the RIAA member copyrighted works.

In fact, as clearly plead in the First Amended Complaint, Yout's service will not allow

access to works protected by an effective technological protection measure. Any digital

mechanism in place designed as anti-circumvention technology stops Yout users from recording

and saving that protected work, thereby demonstrating Yout's compliance with any anti-

circumvention protections in place and the falsity of the RIAA's allegations in the Notices. Pl.'s

First Am. Compl. ¶ 38, ECF No. 9.

The RIAA would know this had it endeavored to determine whether Yout's software

platform would, in fact, circumvent any digital mechanism by testing the platform with any of its

member's works protected by such digital mechanisms, which it did not. Id. ¶ 73.

As clearly plead in the First Amended Complaint, the RIAA affirmatively represents in the Notices that it **had knowledge** that Yout's System enabled copyright infringement: "To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading." Pl.'s First Am. Compl. ¶ 30, ECF No. 9.

Further, as clearly plead in the First Amended Complaint, the RIAA did not, in fact, have such knowledge, and its allegations stated in the Notices were false. Id. ¶ 73.

The RIAA specifically argues that Yout fails to plausibly plead the elements of knowledge and falsity sufficient to state a claim under § 512(f). At least one court has determined that pleading this level of detail regarding the falsity and subjective belief of the author of a notice plausibly pleads this element with respect to § 512(f) stating:

> Defendants argue that ISE has failed to adequately allege that Defendants acted with the requisite mental state to be liable under section 512(f). Again, pursuant to section 512(f), "[a]ny person who knowingly materially misrepresents ... that material or activity is infringing ... shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer..." 17 U.S.C. § 512(f) (emphasis added). Ultimately, in order to prevail on its section 512(f) claim, ISE will need to establish that Defendants had actual (i.e., subjective) knowledge that their representations to Amazon Video regarding the parties' respective rights in the Program were false.
>
> While ISE may struggle to produce evidence of subjective bad faith as the case progresses, the Complaint contains sufficient allegations of Defendants' actual knowledge of misrepresentation to survive the present Motion.
>
> ISE Entertainment Corp. v. Longarzo, No. CV 17-9132-MWF(JCx), 2018 U.S. Dist.

LEXIS 40755, at *18-19 (C.D. Cal. Feb. 2, 2018) (Denying Rule 12(b)(6) motion to dismiss § 512(f) claim).

At a minimum, based on the above, Yout has shown that despite the RIAA's allegations,

Yout plausibly pleads a claim for false notice under § 512(f). As the Court must draw all reasonable inferences in Yout's favor, Yout respectfully requests that the Court deny Defendants' motion as to this claim. Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

### D.  YOUT SUFFICIENTLY PLEADS CLAIMS FOR DEFAMATION PER SE AND BUSINESS DISPARAGEMENT

The RIAA's baseless Notices to Google give rise to state law claims for defamation *per se* and business disparagement. In a common law action for defamation, "the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." Egbarin v. Hoffmann & Associates, No. 3:18-cv-917 (VAB), 2019 U.S. Dist. LEXIS 38985, at *12 (D. Conn. Mar. 12, 2019) (citing Simms v. Seaman, 308 Conn. 523, 547-48 (2013)). Business disparagement requires identical treatment regarding a "statement that disparages a person's goods or services." Qsp, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 360 (2001).

The only element that the RIAA alleges Yout has failed to plausibly plead is that the defamatory assertions made in the Notices were, in fact, false. Def.'s Mem. 17-18, ECF No. 28-1. As discussed in detail above, as clearly plead in the First Amended Complaint, Yout's service will not allow access to works protected by an effective technological protection measure. Any digital mechanism in place designed as anti-circumvention technology stops Yout users from recording and saving that protected work, thereby demonstrating Yout's compliance with any anti-circumvention protections in place and the falsity of the RIAA's allegations in the Notices. Pl.'s First Am. Compl. ¶ 38, ECF No. 9.

The RIAA would know this had it endeavored to determine whether Yout's software platform would, in fact, circumvent any digital mechanism by testing the platform with any of its member's works protected by such digital mechanisms, which it did not. Id. ¶ 73. Further, as discussed above and plausibly plead in the First Amended Complaint, Yout does not circumvent any technological protection measure as defined by the DMCA.

As a result, the element of falsity is plausibly plead. As the Court must draw all reasonable inferences in Yout's favor, Yout respectfully requests that the Court deny Defendant's motion to dismiss its defamation *per se* and business disparagement claims. Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

## E.  IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND

Alternatively, if the Court finds in the RIAA's favor on any of the above issues, that the First Amended Complaint fails to plausibly plead facts to support one or more elements of its claims necessitating dismissal pursuant to Rule 12(b)(6), Yout respectfully requests that the Court grant it the opportunity to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a).

## IV.   CONCLUSION

Based upon the foregoing as well as the arguments raised in the Plaintiff's First Amended Complaint, the Defendant RIAA's Motion to Dismiss must be denied in its entirety, with prejudice, and award any such relief as the Court deems just and proper.

Dated: Chicago, Illinois     Respectfully Submitted,
   February 18, 2021    PLAINTIFF, YOUT LLC

             /s/ Charles Lee Mudd, Jr.
             By: One of Its Attorneys
             Charles Lee Mudd Jr.
             MUDD LAW
             411 S. Sangamon Street
             Suite 1B
             Chicago, Illinois 60607
             312.964.5051 Telephone
             312.803.1667 Facsimile
             clm@muddlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Charles Lee Mudd Jr., do hereby certify that service of this **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** shall be served upon (a) all parties and/or their counsel having filed appearances in this action through the automated electronic case filing by electronic filing; (b) all parties listed in the attached Service List by sending said document by electronic mail on this 18th day of February 2021; and, (c) where an electronic mail address is not available for a party, to the known physical address(es) identified below on February 18, 2021.

<u>/s/ Charles Lee Mudd Jr.</u>
Charles Lee Mudd Jr.


## <u>SERVICE LIST</u>

To:     All parties and/or their counsel have filed appearances in this matter.