**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| YOUT LLC, | ) | |
| | ) | Case No. 20-cv-01602 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Stefan R. Underhill |
| | ) | |
| THE RECORDING INDUSTRY | ) | |
| ASSOCIATION OF AMERICA, INC. and | ) | |
| DOE RECORD COMPANIES 1-10, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**<u>SECOND AMENDED COMPLAINT</u>**

NOW COMES THE PLAINTIFF YOUT LLC ("Yout" or "Plaintiff"), by and through its

attorneys, Mudd Law, and complains of DEFENDANTS THE RECORDING INDUSTRY

ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10 (collectively,

"Defendants"), upon personal information as to the Plaintiff's own activities, and upon

information and belief as to the activities of others and all other matters, and states as follows:

**NATURE OF ACTION**

1.      This is an action for 28 U.S.C. § 2201 declaratory relief relating to 17 U.S.C. §

1201; violation of 17 U.S.C. § 512(f); business disparagement; and, defamation *per se*.

**PARTIES**

2.      Yout LLC is a Connecticut limited liability company with its principal place of

business in Hartford, Connecticut.

3.      The Recording Industry Association of America, Inc. ("RIAA") is a trade

organization incorporated under the laws of the State of New York, headquartered in

Washington, D.C., and can be served through its Chairman and CEO, Mitch Glazier at 1000 F

Street NW, Floor 2, Washington, D.C. 20004.

4.      The RIAA states that it "supports and promotes the creative and financial vitality

of the major music companies."[1]

5.      Doe Record Companies 1-10 are member companies of Defendant RIAA.[2]

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Yout's

federal declaratory judgment and § 512(f) claims.

7.      This Court has supplemental jurisdiction over Yout's state law claims pursuant to

28 U.S.C. § 1367.

8.      As to Yout's declaratory judgment action pursuant to 28 U.S.C. § 2201, an actual

controversy exists within this Court's jurisdiction.

9.      Yout has its principal place of business in Connecticut.

10.     Moreover, a substantial part of the causes of action herein arose in the District of

Connecticut.

11.     Additionally, the Defendants engaged in conduct within Connecticut that

benefited them under the laws of this jurisdiction.

12.     Specifically, the RIAA engaged in efforts to protect it and its members within

Connecticut.

13.     In fact, the RIAA filed previous civil actions in the District of Connecticut.

14.     The Defendants Doe Record Companies 1-10 conduct business and product sales

---

[1] *See RIAA website available at* https://www.riaa.com/.

[2] The true names of Doe Record Companies 1-10 are unknown to the Plaintiff at the present time and, therefore, the Plaintiff sues such Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Plaintiff's Complaint with Doe Record Companies 1-10 true names and capacities when ascertained.

in the District of Connecticut.

15.     With respect to Yout, the Defendants knew that it is a Connecticut limited liability company with its principal place of business in Hartford, Connecticut.

16.     The Defendants directed conduct against Yout knowing the harm of such conduct would be felt by Yout in Connecticut.

17.     As an example, the Defendants' directed their conduct toward Yout in the State of Connecticut by publishing takedown notices with the purpose of interfering with Yout's business operations in the State of Connecticut.

18.     The Defendants knew that their conduct would cause notices to be sent to Yout in the State of Connecticut

19.     Thus, the Defendants knew that such and other conduct against Yout (described more fully below) would impact it in the State of Connecticut.

20.     To be sure, Yout has suffered harm from the Defendants' conduct in the State of Connecticut.

21.     The Defendants' intentional conduct has harmed the Plaintiff.

22.     Based on the foregoing, an actual controversy exists between Yout and the Defendants in the State of Connecticut.

23.     Moreover, based on the foregoing, the Defendants are subject to specific personal jurisdiction within the State of Connecticut.  As such, this Court may exercise personal jurisdiction over them.

24.     Further, venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

### Internet and Content

25.     The Internet contains diverse types of content that can be accessed by persons using web browsers and other diverse tools such as email and ftp (file transfer protocol) clients, to name a few.

26.     This lawsuit involves Internet content that can be accessed using a web browser ("Web Content") using a unique hyperlink, uniform resource locator (commonly referred to as "url"), or "web address" that directs computing devices to such content, respectively, on the Internet.

27.     Some Web Content exists behind a pay-wall such that a person can only access the content after paying for the specific content or a broader subscription (eg iTunes).

28.     This lawsuit does not involve Web Content behind a pay-wall.  Rather, this lawsuit involves content publicly accessible to anyone with a web browser and Internet connection.

29.     At times, hosts or providers of Web Content will encrypt certain content to protect it from unauthorized access.

30.     This lawsuit does not involve any encrypted Web Content.

31.     Similarly, this lawsuit does not involve any Web Content that must be descrambled or decoded to view its content.

32.     As a corollary, this lawsuit does not involve any Web Content that has been hidden from view by use of a cipher or other means of concealing content or meaning.

33.     Again, quite simply, this lawsuit involves Web Content publicly accessible by anyone with an Internet connection and a web browser.

**Yout Platform**

34.     Yout created and operates a service by which a person can enter a url linked to

publicly accessible, unencrypted Web Content in certain limited formats and create a personal

copy on the person's computing device.

35.     In facilitating this service, Yout does not store any of the Web Content on its

platform or service.

36.     When one visits Yout's website at the domain yout.com, Yout presents a very

straightforward homepage that invites a person to insert a url to Web Content.

 

37.     When a person pastes a hyperlink into the applicable field, Yout presents options

to the person relating to the Web Content:



38.     If the person seeks only audio content, the person can choose the MP3 format. In such a case, Yout's software platform facilitates a user preserving an audio portion of streamed sound or video content by storing it locally on the user's computer in the form of an MP3 file.

39.     If the person seeks video and audio, the person can choose the MP4 format.

40.     When choosing either format, Yout provides a selection of qualities from which the person can choose.



41.     Of the video qualities available, Yout provides HD formats only to those who become paid subscribers.

42.     The large majority of Yout users do not become paid subscribers.

43.     In either case, the person obtains a copy of the Web Content stored on their local personal computer.  When this occurs, the Web Content originates from source url and becomes saved as a file on the person's local personal computer.

44.     As such, the person can thereby listen or view the locally stored content when not connected to the Internet and without the necessity of visiting the website on which the original content resides.

45.     Yout only facilitates the saving of such Web Content on the person's local

computer.

46.     In essence, Yout allows a user to time shift content.

47.     Yout never saves or retains its users' time-shifted content on its own servers.

**Diverse Web Content**

48.     A person can use Yout with respect to a wide-range diverse Web Content across multiple platforms.

49.     As an example, Mudd Law hosts Web Content on the online video platform operated by Google, LLC at the domain YouTube.com ("YouTube").

50.     A particular video can be accessed at the url:

https://www.youtube.com/watch?v=p7Sgsj4Xb5U:



51.     The particular video provides instruction on how to utilize a government website.

52.     A person could use Yout to save this recording on their personal computer for later viewing.  For example, before a long flight, a person could store this recording for use without an Internet connection robust enough to provide streaming content.

53.     Of course, the Defendants focus upon a limited universe of Web Content on

YouTube in which sound recordings owned or licensed by one or more of its member record companies may be heard.

54.     Putting aside the small percentage of Web Content related to the Defendants on YouTube, much less the Internet, the Web Content on YouTube associated with the Defendants at issue in this Lawsuit can be publicly accessed without the use of any circumvention.

## No Decryption, Descrambling, or Similar Circumvention
## Necessary to Download YouTube Content

55.     As stated above, YouTube is one of the platforms through which Yout enables persons to obtain a local copy of publicly accessible, unencrypted Web Content.

56.     Although clearly provided in a cleaner and easier format, Yout enables a person to interact with Web Content in a manner enabled by YouTube and popular web browsers.

57.     Unlike the Digital Rights Management ("DRM") mechanisms commonly used to encrypt and protect media such as, for example, DVD content, YouTube has no such mechanisms.

58.     Rather, YouTube content plays on any HTTP user agent with a JavaScript interpreter, not on "authorized players" alone.

59.     When YouTube provides the content, it is merely checking for a browser with a JavaScript interpreter, and that includes Yout and youtube-dl and thousands of other software programs that have no relationship with YouTube or the record labels.

60.     By way of comparison, a DVD player has a secret key embedded in it that must be obtained from the rightsholders pursuant to a license, but a browser does not. YouTube doesn't license browsers to play YouTube.

61.     Therefore, even if the YouTube player source code is "a process or a treatment,"

it doesn't require "the authority of the copyright owner" as required by the statute because it's already been provided to everyone in the world.

62.     If someone accesses YouTube with the web browser Google Chrome ("Chrome"), you can search for and view any number of publicly accessible videos.

63.     For example, one can search for Taylor Swift and find a number of her music videos.



64.    If one chooses to view "The Lakes (Original Version)," the music video can be viewed at a specific url.[3]



65.    Selecting "View" from the Chrome menu bar on a MacOS system, a menu item exists for "Developer" which has a sub-menu that includes "Developer Tools".



---

[3] The choice of Taylor Swift and "The Lakes" reflects the most sincere appreciation intended of her music.

66.    Selecting "Developer Tools" opens up several new frames within the browser

window.



67.    From here, we can sort the files listed in the main window by file size in the

"Size" column.



68.     After Chrome sorts the files, we can the highlight the first of the largest files, observe the "Request URL," and copy it.



69.    One can then past the "Request URL" into a new Chrome window or tab.  Toward the end of the "Request URL" exists a sequence of numbers following the text "range=" that can be modified to begin at 0 and end at a much larger number.



70.     When one then clicks "return" or "enter" on their computer to access the modified "Request URL," a full-size video, albeit without sound, appears within the Chrome window and begins to play.



71.     Additionally, YouTube provides a menu to the right of the play bar identified by three vertical dots that includes a "Download" option.



72.     By clicking "Download," YouTube - through the Google Chrome browser - then downloads a file entitled "videoplayback.mp4" that, when opened, plays the full music video (again, albeit without sound).



73.     If one desires the audio, one need only return to the Developer Tools provided by Google Chrome and, among the large files, search the large files until the length of the Request URL changes to a shorter URL.  Following this, the process described above can be repeated which results in the separate audio file that can, again, be downloaded.



74.     Here, when one selects "Download," the audio opens in a new browser tab and downloads the file to the local computer.  The name of the file on the local computer reflects in the URL window.



75.     To some, this could appear complicated.  But, countless websites provide instructions on how to accomplish this.

76.     For example, an article in Business Insider entitled "2 easy ways to download YouTube videos onto a computer to watch or share anytime" walks you through the exact process described above. https://www.businessinsider.com/how-to-download-youtube-videos.

77.     Additionally, hongkiat.com gives detailed instructions for downloading content

from YouTube using both Chrome and the Firefox browser at

https://www.hongkiat.com/blog/download-youtube-media-without-tools/:

## How to Download Youtube Media

1. Open **Developer Tools** in the browser and go to **Network** tool, or if you're on Firefox press `Ctrl` + `Shift` + `Q` .

2. Click **Media** in the **Network** tool so that you'll see only the HTTP requests made to media files↗, like audio and video files.

3. Browse to a YouTube video you want to download. You'll start seeing the requests made by the YouTube page to the audio↗ & video files in the **Network** tool.

4. Hover the cursor over the **Type** column of each request in the tool and look at the media type:

- If you want the audio, look for "audio/mp4".
- If you want the video, then look for "video/mp4".

**Note:** If you're using a browser that doesn't segregate requests (like IE) or doesn't list the requests made to the audio & video files in YouTube under "Media" (like Chrome), just search the term "audio" or "video" in the search bar in the **Network** tool.



5. Once you found a request with the wanted media type (it'll be of the googlevideo.com domain), click on it, and copy↗ the full URL from where it appears.

6. Paste the URL in the address bar, remove the `range` parameter in the query string and press `Enter` .

7. The video or audio will open, right-click on the page and select "Save As" to save the file↗.

8. If you want both the video↗ and the audio, look for both with the steps above and **put them together** using any default media editor you have in your computer. It's actually pretty easy and quick to do so (even with programs↗ like the outmoded Windows Movie Maker).

78.     Likewise, a simple Google search produce countless videos showing how to

accomplish this same task using Chrome and other common web browsers:



**Yout's Actual Service v. the RIAA's Accusations**

79.     Yout's software platform enables a person to complete the process described above, but in fewer steps.

80.     Many content creators use Yout's service to record their own original videos.

81.     Further, many content creators encourage their audience and fans to use Yout to record and play back their original content.

82.     In fact, the sound recordings the RIAA alludes to (it does not name any specific sound recordings) via its anti-circumvention notices detailed below, represent a very small percentage of the available media on YouTube.

83.     On October 25, 2019, RIAA, on behalf of Doe Record Companies 1-10, sent an anti-circumvention notice under 17 U.S.C. § 512(c)(3) to Google with the purpose of causing Google to delist Yout's software platform, rendering it undiscoverable for many Internet users to record content stored on YouTube.

84.     The October 25, 2019 notice reads as follows:

> To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.
>
> circumvention content: The services provided at the URLs indicated circumvent YouTube's technological protection measures.
>
> circumvention mechanism: To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

October 25, 2019, DMCA notice (attached hereto as Exhibit A).

85.     On October 26, 2019, RIAA, on behalf of Doe Record Companies 1-10, sent a second DMCA notice to Google with the purpose of causing Yout's URL to be delisted

rendering it undiscoverable to Yout's user audience.

86.     The October 26, 2019 notice reads as follows:

> To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading circumvention mechanism: To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

October 26, 2019, DMCA notice (attached hereto as Exhibit B).

87.     On June 22, 2020, RIAA, on behalf of Doe Record Companies 1-10, sent a third anti-circumvention notice to Google with the purpose of causing Yout's URL to be delisted, rendering it undiscoverable to Yout's user audience.

88.     The June 22, 2020 notice reads as follows:

> To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading circumvention mechanism: To our knowledge, the URLs indicated provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading.

June 22, 2020, DMCA notice (attached hereto as Exhibit C).

89.     Essentially, the foregoing DMCA notices sent to Google by the RIAA on behalf of all Defendants ("Defendants' DMCA Notices") allege violations of 17 U.S.C. § 1201(a) which prohibits circumventing a technological protection measure put in place by a copyright owner to control access to a copyrighted work.

90.     The Notices fail to separate the ability to download a video from the Internet from actual DMCA violations.

91.     Indeed, Yout's software platform employs the same simple process of a manual

download described above.

92.     And, any digital rights management ("DRM") or other technical protection measure utilized by copyright owners in their videos render the videos unavailable to download via Yout.

93.     Contrary to Defendants' allegations, Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair any technical protection measure or any technological measure that effectively controls access to a work protected by the Copyright Act

94.     In fact, any digital mechanism in place designed as anti-circumvention technology[4] stops Yout users from recording and saving that protected work, thereby demonstrating Yout's compliance with any anti-circumvention protections in place.

95.     Yout does not violate Section 1201 of the DMCA because it does not circumvent any technological measure on YouTube videos.

96.     Similarly, the "rolling cipher" mechanism that the RIAA argues is employed by YouTube does not prevent copying of videos or other digital media.

97.     The term "rolling cipher" is a misnomer and a term likely coined and relied upon by Defendants to argue that services like Yout are somehow breaching a protection that doesn't exist.

98.     Yout's software platform works the same way as a browser when it encounters the signature mechanism: it reads and interprets the JavaScript program sent by YouTube. That program, which is sent to anyone who requests it without prior authorization, derives a signature value [referred to by RIAA as a "rolling cipher"], and sends that value back to YouTube to

---

[4] Commonly referred to as "digital rights management" ("DRM") tools, or "technical protection measures" ("TPM").

initiate the video stream.

99.     Yout's software platform contains no password, key, or other secret knowledge that is required to access YouTube videos. It simply uses the same mechanism that YouTube presents to each and every user who views a video using any user-side software.

100.     Yout cannot "circumvent" the rolling cipher as that term is defined in 17 U.S.C. § 1201 because YouTube provides the means of accessing these video streams to anyone who requests them and one cannot "circumvent" an access control by using means that are available to all without the authority of the copyright owner.[5]

101.     As a result, the purported "rolling cipher" promulgated by the RIAA is not a DRM and is not a technological measure that effectively controls access to a work protected by the Copyright Act.

102.     Yout merely automates the process already available using common web browsers and simple publicly available instructions.

103.     Yout simply allows its users to record publicly available media content already on the Internet for their own personal, time-shifted viewing and listening.

104.     Such downloading, absent specific circumvention of technological copyright protections, cannot be the basis for an alleged violation of 17 U.S.C. § 1201.

105.     Yout does not violate 17 U.S.C. § 1201.

### Public Perception

106.     As a result of the wide accessibility of this information within the public domain, the public perceives the technology utilized by websites such as Yout as already legal, prior to

---

[5] Paragraphs 70-77 are partially derived from an explanation published by the Electronic Frontier Foundation in a letter to GitHub dated November 15, 2020, [https://www.eff.org/document/eff-letter-github-youtube-dl-takedown] which illustrates the operation of the youtube-dl tool. Yout's software platform operates using configured version of youtube-dl with ffmpeg to ensure that no storage of content occurs as seen in the terms of service and FAQ.

the Defendants' DMCA Notices.

107.     Similar to how a VHS tape may record music videos played on MTV, or it may be used to record an educational lecture on PBS for later viewing, the broader form of the technology employed by Yout does not in itself constitute a DMCA violation.

108.     However, the Defendants' DMCA Notices now caused third parties to believe Yout engaged and continues to engage in illegal and unlawful conduct.

109.     Yout does not engage in illegal and unlawful conduct.

110.     Defendants' DMCA Notices have caused Yout's customers to cancel subscriptions after receiving notice via Google when searching for "yout.com" that "In response to multiple complaints we received under the US Digital Millennium Copyright Act, we have removed 2 results from this page. If you wish, you may read the DMCA complaints that caused the removals at LumenDatabase.org: [links to Defendants' DMCA notices]."

111.     On information and belief, Defendants' DMCA notices have caused PayPal to shut down Yout's account, causing Yout further significant monetary and reputational damage.

**Intent and Actual Malice**

112.     The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to harm the Plaintiffs.

113.     The Defendants either knew or should have known that the ability to download Internet videos for personal use is legally accessible across multiple channels, not only through Yout.

114.     The foregoing wrongful conduct engaged in by the Defendants shall hereinafter be referred to as the "Wrongful Conduct."

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF UNDER 17 U.S.C. §1201**

115.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 114 above in this First Count as though fully set forth herein.

116.    Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair any technological measure.

117.    Yout's software platform is not primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner.

118.    In fact, any digital mechanism in place designed as anti-circumvention technology stops Yout users from recording and saving that protected work.

119.    As such, Yout complies with any and all anti-circumvention protections in place.

120.    Yout's software platform has commercially significant purposes and uses other than to circumvent a technological measure that effectively controls access to a copyrighted work or that protects the right of a copyright owner.

121.    For example, Yout's software platform allows its users to record publicly available media content already on the Internet for their own personal, time-shifted viewing and listening, such as when its users are offline.

122.    Yout's software platform has not been marketed for use in circumventing a technological measure that effectively controls access to a copyrighted work, or that protects the right of a copyright owner.

123.    Rather, Yout's software platform allows its users to record publicly available media content already on the Internet, without any anti-circumvention protection, for their own

personal, time-shifted viewing and listening.

124.    Based on the foregoing, Yout requests a judicial determination and declaration that Yout's software platform does not violate 17 U.S.C. § 1201.

125.    Such a judicial determination and declaration is necessary to protect Yout from the Defendants' DMCA Notices, which are causing Yout injury by, among other things, damaging its goodwill and disrupting its business.

126.    By serving Defendants' DMCA Notices under 17 U.S.C. § 512(c)(3) to Google, with the purpose of causing Yout's URL to be delisted and its software platform undiscoverable to its users and/or potential users, Defendants have directly interfered with Yout's relationships with its customers and partners.

127.    Without the requested declaration that it does not violate 17 U.S.C. § 1201, the Defendants will continue to harm Yout, jeopardize Yout's interests, and attempt to terminate Yout's business operations.

128.    WHEREFORE, the Plaintiff seeks a declaratory judgment from this Court:

(a)    Determining and adjudicating the rights and liabilities of the parties with respect to Yout's non-circumventing software platform;

(b)    Holding that Yout and its software platform does not violate the provisions of 17 U.S.C. § 1201 as alleged by Defendants' DMCA Notices;

(c)    Holding that Yout and its software platform does not violate the Defendants' rights; and,

(d)    Granting Yout such other and further relief that this Court deems proper under the facts and circumstances.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATIONS OF 17 USC § 512(f)

129.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 114 above in this Second Count as though fully set forth herein.

130.    In the Defendants' DMCA Notices to Google, the Defendants alleged Yout's software platform is designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

131.    Contrary to Defendants' allegations, Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

132.    Yout's software platform does not descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cypher technology.

133.    In fact, any digital mechanism in place designed as anti-circumvention technology prevents any user of Yout and its software platform from recording and saving works protected by such technology.

134.    As such, Yout's software platform complies with any anti-circumvention protections in place.

135.    The Defendants failed to determine whether Yout's software platform would, in fact, circumvent such digital mechanism by testing the platform with any of the Doe Record Companies 1-10 works protected by such digital mechanisms.

136.    Further, by the Defendants' DMCA Notices, the Defendants very clearly accuse Yout of secondary copyright infringement for contributory copyright infringement and/or vicarious copyright infringement.

137.    Specifically, the DMCA Notices state "To our knowledge, the URLs provide access to a service (and/or software) that circumvents YouTube's rolling cipher, a technical protection measure, that protects our members' works on YouTube from unauthorized copying/downloading," thereby alleging contributory copyright infringement and/or vicarious copyright infringement.

138.    In so doing, the Defendants misrepresented that Yout's software platform circumvents digital copyright mechanisms and infringes the Defendants' rights.

139.    Alternatively, the Defendants knew Yout's software platform does not circumvent digital copyright mechanisms under the law and does not infringe the Defendants' rights—via secondary copyright infringement or otherwise—but chose to send the Defendants' DMCA Notices anyway.

140.    In any case, the Defendants knowingly misrepresented the nature of Yout's services by and through distribution and publication of the Defendants' DMCA Notices in which it claims Yout's software platform circumvents digital copyright mechanisms and infringes the Defendants' rights.

141.    The Defendants, by serving Defendants' DMCA Notices under 17 U.S.C. § 512(c)(3) to Google, with the purpose of causing Yout's URL to be delisted and its software platform undiscoverable to its users, have directly interfered with Yout's relationships with its customers, partners, and potential users.

142.    Google relied on the Defendants' misrepresentations.

143.    Google delisted Yout based on the Defendants' misrepresentations.

144.    The Defendants' misrepresentations injured Yout and caused it to suffer damages and harm.

145.    By such conduct, the Defendants have caused Yout monetary damages.

146.    As the Defendants knowingly misrepresented circumvention of digital copyright mechanisms and infringement of the Defendants' rights, the Defendants violated 17 U.S.C. § 512(f).

147.    As the Defendants violated 17 U.S.C. § 512(f), Yout is entitled to recovery of damages.  Yout is also entitled to its costs and attorney's fees.

148.    WHEREFORE, based upon the Defendants' violation of 17 U.S.C. § 512(f), the Plaintiff Yout LLC seeks an award of compensatory damages as well as its costs and attorney's fees.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION
## BUSINESS DISPARAGEMENT

149.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 114 above in this Second Count as though fully set forth herein.

150.    In the Defendants' DMCA Notices to Google, the Defendants falsely stated that Yout's software platform circumvents YouTube's "rolling cipher", which the RIAA claims is a technical protection measure that protects Doe Record Companies 1-10's works on YouTube from unauthorized copying/downloading.

151.    Yout's software platform does not circumvent any technical protection measure.

152.    Further, Yout's software platform does not circumvent any technological measure that effectively controls access to a work protected under the Copyright Act.

153.    The Defendants falsely stated that Yout's software platform is designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair the YouTube rolling cipher technology.

154.   Yout's software platform is not designed to descramble, decrypt, avoid, bypass, remove, deactivate, or impair YouTube's "rolling cipher", which the RIAA claims is a technical protection measure.

155.   The Defendants falsely claimed that Yout infringes their rights, particularly the copyrights of the Doe Record Companies 1-10.

156.   Yout does not infringe the Defendants' rights including, but not limited to, the copyrights of the Doe Record Companies 1-10.

157.   In fact, by respecting anti-circumvention technology in place, Yout facilitates protection of the copyrights of the Doe Record Companies 1-10.

158.   The Defendants' DMCA Notices to Google falsely and impliedly stated that Yout's software platform violates 17 U.S.C. § 1201.

159.   Neither Yout nor Yout's software violates 17 U.S.C. § 1201.

160.   Thus, the Defendants' DMCA Notices contain false and disparaging statements regarding Yout's business and software platform which the RIAA published to one or more third parties.

161.   Indeed, the Defendants knew that the Defendants' DMCA Notices would be publicly published as take-down notices.

162.   The Defendants' false statements prejudiced and continue to prejudice Yout as well as its business and professional relationships.

163.   The Defendants' false statements caused harm to Yout resulting in damages to Yout.

164.   Based on the foregoing, the Defendants' false statements constitute business disparagement.

165.    As a result of Defendants' statements and business disparagement of it, Yout has

suffered and continues to suffer damages including, but not limited to, harmed reputation, loss of

business, loss of profits, loss of revenue, and loss of goodwill.

166.    By engaging in the Wrongful Conduct, the Defendants acted with fraud and

malice, entitling Plaintiff to punitive and exemplary damages.

167.    WHEREFORE, based upon the Defendants' business disparagement of Yout,

Plaintiff Yout LLC seeks an award of compensatory and punitive damages as well as any such

other and further relief as this Court may deem just and proper or to which Yout may be entitled

as a matter of law and equity.

**COUNT FOUR**

**AS AND FOR A FOURTH CAUSE OF ACTION**

**DEFAMATION *PER SE***

168.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 114 above in

this Second Count as though fully set forth herein.

169.    The Defendants published false statements about Yout to third parties.

170.    These false statements accused Yout of engaging in unlawful activity.

171.    These false statements accused Yout of engaging in illegal activity.

172.    These false statements accused Yout of acting without integrity by allowing third

parties to infringe the Defendants' rights.

173.    As such, the Defendants falsely accused Yout of infringing and facilitating the

infringement of the Defendants' rights.

174.    The Defendants' false statements caused Google to delist Yout from its search

engines.

175.    The Defendants' false statements caused third parties from finding Yout's

services.

176.     The Defendants' false statements caused third parties to deter from using Yout's

services.

177.     The Defendants' false statements caused Yout's payment processor to disable its

account, causing Yout reputational and monetary damages.

178.     The Defendants and their false statements caused Yout to suffer harm and

damages.

179.     The Defendants' statements were unprivileged.

180.     Alternatively, if the Defendants' statements were subject to any privilege, the

Defendants abused the privilege by knowingly making false statements about Yout and/or acting

with reckless disregard for the truth or falsity of the statements.

181.     The Defendants' false statements give rise to a claim for defamation per se as they

impute criminal conduct, lack of integrity, and prejudice Yout in its business.

182.     WHEREFORE, based on the Defendants' defamatory *per se* statements, the

Plaintiff Yout LLC seeks an award of compensatory and punitive damages.

## **GENERAL**

183.     Where conditions precedent are alleged, Yout avers that all conditions precedent

have been performed or occurred.

184.     Yout demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, PLAINTIFF YOUT LLC accordingly and respectfully demands judgment against the DEFENDANTS THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10 as follows:

a.  That this Court specifically determine that Yout LLC's software platform does not violate 17 U.S.C. §1201;

b.  That the Plaintiff be awarded compensatory and punitive damages, respectively, in amounts to be determined at trial by a jury;

c.  That the Plaintiff be awarded its attorneys' fees and costs; and

d.  That this Court grant Yout LLC any such other and further relief to which it may be entitled as a matter of law and as deemed appropriate by this Court.

Dated: Chicago, Illinois
      September 14, 2021

Respectfully Submitted,
PLAINTIFF YOUT LLC

/s/ Charles Lee Mudd, Jr.
By: One of Its Attorneys
Charles Lee Mudd Jr.
MUDD LAW
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 Telephone
312.803.1667 Facsimile
clm@muddlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| YOUT LLC, | ) | |
| | ) | Case No. 20-cv-01602 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Stefan R. Underhill |
| | ) | |
| THE RECORDING INDUSTRY | ) | |
| ASSOCIATION OF AMERICA, INC. and | ) | |
| DOE RECORD COMPANIES 1-10, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**JURY DEMAND**

The Plaintiff demands a trial by jury.

/s/ Charles Lee Mudd Jr.
Charles Lee Mudd Jr.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that service of this **SECOND AMENDED COMPLAINT and JURY DEMAND** shall be accomplished pursuant to Electronic Case Filing as to ECF Users and shall be served upon other parties having filed appearances, identified below, via postage pre-paid U.S. mail on the 14th day of September 2021.

<u>/s/ Charles Lee Mudd Jr.</u>
Charles Lee Mudd Jr.

Charles Lee Mudd Jr.
MUDD LAW OFFICES
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 (telephone)
312.803.1667 (facsimile)
clm@muddlaw.com

## <u>SERVICE LIST</u>

All counsel have filed appearances and receive service through the Electronic Case Filing service.