UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YOUT LLC, </br></br>    Plaintiff, </br></br>vs. </br></br>THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10, </br></br>    Defendants. | Case No. 3:20-cv-01602-SRU </br></br> October 20, 2021 |

## DEFENDANT RIAA'S MOTION TO DISMISS PLAINTIFF YOUT LLC'S SECOND AMENDED COMPLAINT

Defendant Recording Industry Association of America, Inc. ("RIAA") again moves to dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This Court dismissed Plaintiff Yout LLC's ("Plaintiff") First Amended Complaint with leave to amend. The allegations Plaintiff has added still do not describe how the Yout stream-ripping service operates and those allegations make its claims less, not more, plausible. The Court should dismiss each of Plaintiff's claims with prejudice:

    A.    Plaintiff fails to state a plausible claim for a declaratory judgment that its service does not violate the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et. seq*. The DMCA prohibits offering a service that "circumvent[s] a technological measure that effectively controls access to" copyrighted works "without the authority of the copyright owner." *Id.* § 1201(a). Plaintiff's claim that its stream-ripping service is not such a prohibited circumvention tool fails under the plain language of the statute and governing precedent. Whether the Yout service is an unlawful circumvention tool

turns on two issues: (1) whether YouTube's technology "effectively controls access to a work," and (2) whether the Yout service "circumvents" that technology to access copyrighted works without "the authority" of copyright holders. *Id*. § 1201(a)(3). As to (1), both common sense and Plaintiff's own allegations establish that YouTube employs technological protection measures ("TPMs") that "in the ordinary course of its operation," require "the application of information," "a process," or "a treatment" authorized by the copyright owner to access the digital file copies of copyrighted works. *Id*. § 1201(a)(3)(B); *RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 932 (N.D. Cal. 2009) (judged from perspective of "ordinary consumer"). This is all the DMCA requires. As to (2), despite Plaintiff's vague description of its service, it is obvious from Plaintiff's allegations that Yout "avoid[s]" or "bypasse[s]" YouTube's TPMs. Were this not true, there would be no reason for the Yout service to exist. And, Plaintiff does not and cannot allege that it acts "with the authority of" copyright owners.

   B. Plaintiff's claim under 17 U.S.C. § 512(f) fails as a matter of law because the statute proscribes only misrepresentations about copyright infringement. Plaintiff does not allege that RIAA made any misrepresentation about *infringement*; Plaintiff's Section 512(f) claim is premised on the notices RIAA sent to Google, which, by their terms, allege only *circumvention*. In any event, even if Section 512(f) applied to RIAA's notices to Google, Plaintiff has not and cannot allege that RIAA *knowingly* made any misrepresentation.

   C. Plaintiff fails to state-law claims for defamation per se or business disparagement because Plaintiff has not alleged *any* facts establishing that RIAA made a false statement about Yout. Conclusory assertions of falsity do not satisfy this requirement as a matter of law.

   The reasons supporting dismissal of this case with prejudice are more fully stated in the accompanying Memorandum of Law.

DATED:  October 20, 2021	Respectfully submitted,

	_/s/ Rose Leda Ehler_

	GLENN D. POMERANTZ (*appearing pro hac vice*)
	ROSE LEDA EHLER (*appearing pro hac vice*)
	SHANNON AMINIRAD (*appearing pro hac vice*)
	MUNGER, TOLLES & OLSON LLP
	350 South Grand Avenue
	Fiftieth Floor
	Los Angeles, CA 90071-3426
	T:  (213) 683-9100
	F:  (213) 687-3702
	glenn.pomerantz@mto.com
	rose.ehler@mto.com
	shannon.aminirad@mto.com

	JAMES O. CRAVEN (ct18790)
	DAVID NORMAN-SCHIFF (ct30082)
	WIGGIN AND DANA LLP
	One Century Tower
	265 Church Street
	P.O. Box 1832
	New Haven, CT 06508-1832
	T:  (203) 498-4400
	F:  (203) 782-2889
	jcraven@wiggin.com
	dnorman-schiff@wiggin.com

	Attorneys for Defendant Recording Industry
	Association of America, Inc.