UNITED STATES DISTRICT COURT
DISTRICT OF CONNETICUT

| | |
|---|---|
| YOUT LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-01602-SRU |
| ) | |
| vs. ) | |
| ) | |
| THE RECORDING INDUSTRY ) | December 1, 2022 |
| ASSOCIATION OF AMERICA, INC. and ) | |
| DOE RECORD COMPANIES 1-10 ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S MOTION TO STAY DEFENDANT RIAA'S
MOTION FOR ATTORNEYS' FEES**

NOW COMES THE PLAINTIFF YOUT LLC ("Plaintiff" or "Yout"), by and through its attorneys, Mudd Law Offices, and files this Motion to Stay this matter with respect to Defendant The Recording Industry Association of America, Inc.'s ("RIAA") Motion for Attorneys' Fees ("Motion") pursuant to Rule 62 of the Federal Rules of Civil Procedure and in support hereof shows the Court the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Yout is a small, Connecticut limited liability company with its principal place of business in Hartford, Connecticut. Second Am. Compl. ¶ 2. Defendant RIAA is a large trade organization incorporated under the laws of the State of New York, headquartered in Washington D.C. that "supports and promotes the creative and financial vitality of the major music companies." Id. at ¶¶ 3-4, n. 1. Further, the RIAA reports that the recording industry it represents enjoyed $15 billion in revenue in 2021 alone. See https://www.riaa.com/wp-content/uploads/2022/03/2021-Year-End-Music-Industry-Revenue-Report.pdf, last visited November 30, 2022.

Plaintiff Yout filed the Second Amended Complaint on September 14, 2021. See generally Pl.'s Second Am. Compl., ECF No. 45. Defendant RIAA answered and filed a Motion to Dismiss on October 20, 2021. See generally Defs. Mot. Dismiss, ECF No. 48. On December 1, 2021, Plaintiff Yout filed its Response in Opposition to Defendant RIAA's Motion to Dismiss. See generally Pl.'s Resp. Opp'n to Defs.' Mot. Dismiss, ECF No. 55. On January 5, 2022, Defendant RIAA filed its Reply in Support of Defendant RIAA's Motion to Dismiss. Defs.' Reply Supp. Defs.' Mot. Dismiss, ECF No. 56. On September 30, 2022, the Court granted Plaintiff RIAA's Motion to Dismiss with Prejudice. ECF No. 61-62. Plaintiff Yout filed a Notice of Appeal on October 20, 2022. ECF No. 63. Then, on October 31, 2022, Plaintiff RIAA filed their Motion for Attorneys' Fees. ECF No. 65.

## LEGAL ARGUMENT

The district court has the discretionary power to stay proceedings pursuant to its "inherent power to control its docket." Miller v. City of Ithaca, Docket No. 3:10-cv-00597 (BKS/DEP), 2019 U.S. Dist. LEXIS 57184, at *4 (N.D.N.Y. Apr. 3, 2019) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Absent a bond, the Court has discretion to grant the requested stay. See FRCP 62. To determine whether a stay of attorneys' fees pending appeal is appropriate, district courts in the Second Circuit look to four factors: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Estevez v. Berkeley College, Docket No. 18-CV-10350 (CS), 2022 U.S. Dist. LEXIS 100828, at *3 (S.D.N.Y. June 6, 2022) (quoting In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d. Cir. 2007)); see also Nken v. Holder, 556 U.S. 418,

434 (2009). Further, courts look at the factors like a sliding scale and "more of one [factor]] excuses less of the other." Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002).

### A. The Public Interest Weighs Significantly in Favor of a Stay of Attorneys' Fees Pending Appeal.

"Copyright law ultimately serves the purpose of enriching the general public through access to creative works." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994); Warner Bros. Entm't Inc. v. RDR Books, 575 F. Supp. 2d 513, 553 (S.D.N.Y 2008) ("to serve the public interest, copyright law must prevent the misappropriation of the skills, creative energies, and resources which are invested in the protected work."); see generally U.S. Const. Art. 1, s. 8, c. 8 ("to promote the progress of science and useful arts…"). Thus, generally, allowing Yout to proceed on an appeal related to a novel question in Copyright law serves the public interest.

More specifically, many content creators use Plaintiff Yout's services to record their own original videos and they further encourage their audience and fans to use Plaintiff Yout to record and play back their original content. Second Am. Compl. ¶¶ 80 – 81. Given the substantial reputational and monetary harm, as discussed above, Plaintiff Yout will be unable to continue to provide the Yout service that allows content creators the ability to record and create original content if it is not allowed to appeal the Court's holding. Id.

As noted throughout this litigation, Yout's service is based on a modified version of the open-source project youtube-dll. See, e.g., ECF Doc. 45, n5. Most significantly, it is in the public interest that the appellate court determines if services such as Yout, and others that are also based upon the open-source software project youtube-dll (whether commercially exploited or coded and deployed by individual users) constitute circumvention pursuant to the DMCA as held by this Court. The legality of software based on youtube-dll has not been fully litigated and

reviewed by any appellate court on the merits thus far. As explained in the Wikipedia entry for youtube-dll:

> youtube-dl is a free and open-source download manager for video and audio from YouTube and over 1,000 other video hosting websites. It is released under the Unlicense software license. As of September 2021, youtube-dl is one of the most starred projects on GitHub, with over 100,000 stars. According to libraries.io, 308 other packages and 1.43k repositories depend on it.
>
> See https://en.wikipedia.org/wiki/Youtube-dl, last viewed on November 30, 2022

(citations omitted).

Given that the reach of this Court's holding in this matter goes far beyond just this one small business software provider, it is in the public interest that the Second Circuit reviews the merits on appeal. This important and necessary review will be crippled if the instant matter concerning attorneys' fees is not stayed. This factor weighs strongly in favor of granting a stay and as such, Plaintiff respectfully requests that the Court grant Plaintiff Yout's Motion to Stay this matter, specifically with respect to attorneys' fees and costs pending appeal.

### B. Plaintiff Yout Will Be Irreparably Harmed Absent a Stay of Attorneys' Fees Pending Appeal; and a Stay Will Not Substantially Harm Defendant RIAA

To demonstrate irreparable harm such that a stay is necessary, a party must show that it will suffer injury which "cannot be remedied" absent a stay. Grand River Enter, Six Nations, Ltd. v. Pryor, 481 F.3d 60, 65 (2d. Cir. 2007). "Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 660 (2d. Cir. 2015) (quoting Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999). Further, "irreparable harm exists 'where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the

4

positions they previously occupied." United States SEC v. Daspin, 557 F. App'x 46, 48 (2d Cir. 2014) (citations omitted).

In the instant case, Plaintiff Yout created and operates a service by which a person can enter a url linked to publicly accessible, unencrypted Web Content in certain limited formats and create a personal copy on the person's computing device without storing any of the Web Content on Yout's platform or service. Second Am. Compl. ¶¶ 34 – 35. Many content creators use Plaintiff Yout's services to record their own original videos and they further encourage their audience and fans to use Yout to record and play back their original content. Id. at ¶¶ 80 – 81. Defendant RIAA sent multiple DMCA notices to Google with the purpose of causing Google to delist Yout's software platform. Id. at ¶¶ 83 – 88, 143, Exs. A-C (copies of notices). Defendant RIAA's DMCA notices have blocked Yout users' ability to use the service with all works, not just those unidentified works of RIAA's members companies. Id. at ¶¶ 82 – 89. 16, 141.

Defendant RIAA's DMCA Notices have caused third parties to believe it is engaging in illegal and unlawful conduct. Id. at ¶ 108. In response, Yout's customers cancelled their subscriptions, and PayPal shut down Yout's account, all causing Yout significant damages. Id. at ¶¶ 108 – 111.

Additionally, the Yout service is the entirety of Plaintiff Yout's business and sole source of revenue, and currently it is not fully generating income because of the RIAA's actions. See generally Second Am. Compl. In Silverstein v. Penguin Putnam, Inc., where the defendant was accused of copyright infringement based on a book of poems, the court held that removing the book from the marketplace and ceasing its sales will undeniably cause injury. Silverstein v. Penguin Putnam, Inc., 2003 U.S. Dist. LEXIS 9901, at *4-5 (S.D.N.Y. June 11, 2003). However, the court found that the defendant would not be irreparably injured absent a stay because, as the

defendant was a major book publisher, removing one book would not gravely injure the party. Id. Unlike in Silverstein, where the defendant was a major book publisher and the removal of one book within the marketplace was at issue, here Plaintiff Yout is a small, limited liability company in which the entirety of its livelihood, goodwill, and business are at issue. Second Am. Compl. ¶¶ 2, 149-167; see also Silverstein at *4-5. Yout's ability to serve its customers has been handicapped by the RIAA's actions. The only result of a stay would be to delay a decision on the shifting of attorneys' fees which, in the instant matter, does no harm to RIAA while significantly harming Yout and the public interest.

Due to the significant monetary and reputational damages already suffered from Defendant RIAA's DMCA notices, Plaintiff Yout will suffer irreparable harm if the court does not grant the Motion to Stay Attorneys' Fees Pending Appeal. Further, it would be quite difficult for Yout to satisfy Defendant RIAA's Motion for Attorneys' Fees while at the same time pursuing this very important appeal which, as noted above, would advance the public interest.

On the other hand, Defendant RIAA is in a much better financial position to withstand such a stay during the pendency of the appeal. As noted on its website, Defendant RIAA is a large trade organization that "supports and promotes the creative and financial vitality of the major music companies." Second Am. Compl. ¶¶ 3-4, n. 1. Further, the RIAA reports that the recording industry it represents enjoyed $15 billion in revenue in 2021 alone. See https://www.riaa.com/wp-content/uploads/2022/03/2021-Year-End-Music-Industry-Revenue-Report.pdf, last visited November 30, 2022. To the extent that any modification to the Court's judgment which may be mandated by the Second Circuit, if any, would impact the distribution of fees, this likewise weighs in favor of a stay in that once they are paid, steps must be taken for

their return or adjustment. This would impact both parties. As a result, these two factors weigh heavily in favor of the requested stay.

### C. Plaintiff Yout is Likely to Succeed on the Merits on Appeal.

When determining the likelihood of success on the merits, the courts typically look to whether "there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor." In re A2P SMS Antitrust Litig., No. 12-CV-2656, 2014 U.S. Dist. LEXIS 120323, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (quoting Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd., 598 F.3d 30, 35 (2d Cir. 2010). In the present case, Defendant RIAA's Motion for Attorneys' Fees raises issues that are the subject of the appeal and incorporates elements of the parties' arguments that are to be reviewed by the Second Circuit. Furthermore, to the extent the Second Circuit mandates any modification to the Court's judgment that impacts the distribution of fees, the potential for this action weighs in favor of a stay as once fees are paid, steps must be taken for their return or adjustment.

It is difficult to assess a likelihood of success on the merits given the lack of any reported case directly on point on the issues appealed. Further, as noted above, numerous services utilizing similar technology are impacted by the appeal. The difficulty persists because in determining whether to grant this stay, this Court must evaluate the likelihood that its own ruling will be overturned. As such, Yout respectfully requests that the Court abstain from doing so and, based on the other three factors which weigh heavily in favor of a stay, grant Plaintiff Yout's Motion to Stay this matter specifically with respect to attorneys' fees and costs pending appeal.

**CONCLUSION**

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests this Court to grant Plaintiff's Motion for Stay of Attorneys' Fees Pending Appeal. Prior to filing, Plaintiff's counsel contacted Defendant RIAA's counsel asking for an agreed stay pending appeal. Defendant RIAA's counsel denied this request. Therefore, this motion is filed as opposed. Alternatively, Plaintiff asks for an extension of 28 days in which to file Yout's response to Defendant's Motion for Attorneys' Fees which shall include a request for additional fee and billing records and testimony regarding the reasonableness of fees especially given the exorbitant hourly rate requested by the RIAA.[1]

Dated: Chicago, Illinois
December 1, 2022

Respectfully submitted,
YOUT LLC

/s/ Charles Lee Mudd Jr.
By: One of Its Attorneys
Charles Lee Mudd Jr.
MUDD LAW
411 S. Sangamon Street
Suite 1B
Chicago, Illinois 60607
312.964.5051 Telephone
312.803.1667 Facsimile
clm@muddlaw.com

---

[1] "RIAA is seeking to recover fees at a rate of $875/hour for Ms. Ehler, $630/hour for associates, and $375/hour for paralegals." ECF Doc. 65-7, ¶5.

## CERTIFICATE OF SERVICE

I, Charles Lee Mudd Jr., do hereby certify that service of this **PLAINTIFF'S MOTION TO STAY DEFENDANT RIAA'S MOTION FOR ATTORNEYS' FEES** shall be served upon (a) all parties and/or their counsel having filed appearances in this action through the automated electronic case filing by electronic filing; (b) all parties listed in the attached Service List by sending said document by electronic mail on this 1st day of December 2022; and, (c) where an electronic mail address is not available for a party, to the known physical address(es) identified below on December 1, 2022.

/s/ Charles Lee Mudd Jr.
Charles Lee Mudd Jr.

## SERVICE LIST

To:   All parties and/or their counsel have filed appearances in this matter.