# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| YOUT LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:20-cv-01602-SRU |
| | ) |
| vs. | ) |
| | ) |
| THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10, | ) December 22, 2022 |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF YOUT LLC'S MOTION TO STAY DEFENDANT RIAA'S MOTION FOR ATTORNEYS' FEES [DKT. 67]**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................1

III. ARGUMENT .................................................................................................................2

    A. Yout Waived Its Opposition To RIAA's Motion For Attorneys' Fees ...................2

    B. Yout's Appeal Is Not A Basis For A Stay—Courts Regularly Decide Attorneys' Fees While An Appeal Is Pending Because It Is Efficient ....................4

    C. Yout Has Not Met Its Burden To Show Circumstances Meriting A Stay ...............5

        1. Yout Does Not Argue Likelihood Of Success Favors A Stay .....................6

        2. Yout Offers No Evidence Of Irreparable Harm ...........................................7

        3. RIAA Would Be Substantially Injured By A Stay ......................................8

        4. The Public Interest Favors Protecting Copyrighted Works And Deciding RIAA's Motion For Attorneys' Fees ...........................................8

IV. CONCLUSION ..............................................................................................................9

ignore, using

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Baker v. Urban Outfitters, Inc.*,
   431 F.Supp.2d 351 (S.D.N.Y. 2006)............................................................................................8

*BIAX Corp. v. NVIDIA Corp.*,
   No. 09-cv-01257-PAB-MEH, 2012 WL 1949002 (D. Colo. May 30, 2012) ............................4

*Cohen v. Met. Life Ins. Co.*,
   No. 00 Civ. 6112 (LTS)(FM), 2007 WL 4208979 (S.D.N.Y. Nov. 21, 2007) .........................4

*Estevez v. Berkeley College*,
   No. 18-CV-10350 (CS), 2022 WL 1963659 (S.D.N.Y. June 6, 2022).................................4, 6

*Fox Television Stations, Inc. v. FilmOn X LLC*,
   966 F. Supp. 2d 30 (D.D.C. 2013) .............................................................................................7

*Green v. United States Department of Justice*,
   No. 21-5195, 2022 WL 17419644 (D.C. Cir. Dec. 6, 2022) .................................................1, 6

*Horror Inc. et al. v. Miller et al.*,
   No. 3:16-cv-01442 (SRU), 2022 WL 4473426 (D. Conn. Sept. 26, 2022) ...............................4

*Jones v. Colvin*,
   No. 3:16-cv-1685 (VAB), 2018 WL 4845744 (D. Conn. Oct. 4, 2018)...................................3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).................................................................................................................5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
   676 F.3d 83 (2d Cir. 2012).......................................................................................................5

*Miller v. City of Ithaca*,
   No. 3:10-cv-00597, 2019 WL 1470249 (N.D.N.Y. April 3, 2019) .........................................6

*Nken v. Holder*,
   556 U.S. 418 (2009)........................................................................................................1, 5, 6

*Turley v. N.Y. City Police Dept.*,
   No. 93 Civ. 8748(SAS), 1998 WL 760243 (S.D.N.Y. Oct. 30, 1998) ....................................4

*In re Unisys Corp. Retiree Medical Benefits Erisa Litigation*,
   No. 03-3924, 2007 WL 4287393 (E.D. Pa. Dec. 4, 2007)........................................................4

*Warner Bros. Ent., Inc. v. RDR Books*,
   575 F. Supp. 2d 513 (S.D.N.Y. 2008)........................................................................................8

*Weyant v. Okst*,
  198 F.3d 311 (2d Cir. 1999) .................................................................................................5

*White v. New Hampshire Dept. of Employment Sec.*,
  455 U.S. 445 (1982) ............................................................................................................5

*Winter v. NRDC, Inc.*,
  555 U.S. 7 (2008) ................................................................................................................7

**RULES**

Fed.R.Civ.P. 54 ............................................................................................................................4, 5

Fed.R.Civ.P. 62 ...............................................................................................................................5

L.R. 7(a)(2) ..................................................................................................................................1, 3

L.R. 7(b)(3) .....................................................................................................................................3

**I.     INTRODUCTION**

On October 31, 2022, RIAA filed a Motion for Attorneys' Fees to recover the fees it incurred defending against Yout's objectively unreasonable lawsuit. Dkt. 65. RIAA agreed to Yout's request for an extension of time to December 1, 2022 to file its response, but did not agree to a stay of RIAA's motion pending appeal because such a stay is not warranted. Ehler Decl. ¶ 6.

Yout's request for a stay should be denied. First, by failing to file its response by the December 1 deadline (or since then), Yout has waived any opposition to RIAA's Motion for Attorneys' Fees. L.R. 7(a)(2). Second, there is no reasonable basis for staying RIAA's Motion for Attorneys' Fees. The case law clearly provides that judicial economy favors deciding fee motions while they are fresh in the Court's mind and to provide an opportunity for further efficiency by consolidating with the merits issues into a single appeal. Yout has failed to justify deviation from this routine practice. None of the *Nken* factors favors a stay of RIAA's motion. *Nken v. Holder*, 556 U.S. 418 (2009). Yout does not contend it is likely to succeed on the merits of its appeal, and the recent D.C. Circuit decision in *Green v. United States Department of Justice* makes Yout's prospect of success even less likely. No. 21-5195, 2022 WL 17419644 (D.C. Cir. Dec. 6, 2022). Nor does Yout support its motion with a cogent explanation or a shred of evidence regarding how resolution of RIAA's motion would cause Yout irreparable harm. In addition, the public interest is furthered by protecting the rights of music creators and discouraging meritless lawsuits like this one.

For the reasons set forth below, RIAA respectfully requests that the Court deny Yout's Motion to Stay and grant RIAA's unopposed Motion for Attorneys' Fees.

**II.    BACKGROUND**

After this Court granted RIAA's Motion to Dismiss, undersigned counsel reached out to Yout's counsel to discuss RIAA's fee motion and a potential resolution. Ehler Decl. ¶ 2. Counsel was not available for a meet-and-confer and then stated that he no longer represented

Yout. *Id.* ¶¶ 2, 3. Subsequently, new appellate counsel appeared for Yout in the Second Circuit. Ehler Decl. *Id.* ¶ 4.

On October 31, 2022, RIAA moved for attorneys' fees. Dkt. 65. On November 17, 2022, counsel for Yout informed counsel for RIAA that he actually would represent Yout for the purposes of RIAA's motion for fees and asked for agreement to a stay. Ehler Decl. ¶ 6. The same day, counsel for RIAA informed counsel for Yout that RIAA did not consent to the stay because there is no reason for it. *Id.* On November 21, 2022 (the deadline for Yout to file its opposition to RIAA's Motion for Attorneys' Fees), Yout's counsel asked for an extension of time to respond to RIAA's motion. *Id.* ¶ 7. RIAA consented and Yout filed a Motion for Extension of Time to Respond to Motion for Attorneys' Fees to extend its opposition deadline until December 1, 2022, which the Court granted nunc pro tunc. Dkt. 66; Dkt. 68. However, Yout never filed an opposition to RIAA's Motion for Attorneys' Fees. Instead, Yout filed a Motion to Stay. Dkt. 67 ("Mot."). In the last paragraph of Yout's motion, Yout stated that it would like a second extension of 28 days (i.e., to December 29) to oppose RIAA's motion if Yout's request for a stay is not granted.[1] *See id.* at 8.

### III.   ARGUMENT

#### A.   Yout Waived Its Opposition To RIAA's Motion For Attorneys' Fees

After the Court granted Yout's first request for an extension, Yout's deadline to oppose RIAA's Motion for Attorneys' Fees was December 1, 2022. Yout did not meet that deadline. Local Rule 7(a)(2) provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide

---

[1] Yout did not seek RIAA's consent before including this request for a second extension in its Motion to Stay.

2

sufficient grounds to deny the motion."  L.R. 7(a)(2).  Courts have found sufficient basis to award attorneys' fees after determining that the movant was the prevailing party, that the motion was timely filed, and that the fees requested were reasonable.  *See Jones v. Colvin*, No. 3:16-cv-1685 (VAB), 2018 WL 4845744, at *1 (D. Conn. Oct. 4, 2018).

Without any substantive defense or opposition to RIAA's Motion for Attorneys' Fees, Yout seeks only to delay resolution and the potential award of fees.  The Court should reject Yout's improper delay tactics.  Counsel for RIAA reached out to counsel for Yout on multiple occasions to discuss the fee motion and potential resolution of the matter *before* filing its Motion for Attorneys' Fees.  Ehler Decl. ¶ 2.  Yout did not meet-and-confer at that time.  Yout instead improperly waited until the day its opposition was due to request an extension (to which RIAA consented and which the Court granted nunc pro tunc).  Instead of meeting the extended deadline, Yout now seeks a further improper 28-day extension as an "[a]lternative[]" if the Court denies its motion.  Mot. at 8.  In neither instance has Yout justified the "compelling circumstances" that warrant deviation from the normal rule that "[a]ll motions for extension of time shall be filed at least three (3) business days *before* the deadline sought to be extended."  L.R. 7(b)(3) (emphasis added).  Yout's failure to follow the rules should not be rewarded.[2]

---

[2] Having failed to file an opposition to RIAA's motion, Yout now suggests that if given the opportunity it will "include a request for additional fee and billing records and testimony regarding the reasonableness of fees" claiming such rates are "exorbitant." Mot. at 8.  Not only would such a request be untimely, it would also be unwarranted.  RIAA established that its rates and time spent on this case were reasonable.  *See* Dkts. 65-8, 65-9 (Aminirad Decl. Exs. 1, 2 (detailed time entry and calculations)); Dkts. 65-3, 65-4 (Ehler Decl. Exs. A, B (attorney information and American Intellectual Property Law Association survey)).

3

### B.   Yout's Appeal Is Not A Basis For A Stay—Courts Regularly Decide Attorneys' Fees While An Appeal Is Pending Because It Is Efficient

In deciding whether to stay a motion for attorneys' fees pending appeal, courts have found "[t]he weight of authority ... is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition." *In re Unisys Corp. Retiree Medical Benefits Erisa Litigation*, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007); *see also BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2012 WL 1949002, at *1 (D. Colo. May 30, 2012) ("the Court cannot agree with plaintiff's contention that courts [defer resolution of a fees request until after the appeal] routinely"). Courts in the Second Circuit regularly decide motions for attorneys' fees while an appeal is pending when it is in the interest of judicial economy to do so.[3] To be sure, this Court has discretion and "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice." Fed.R.Civ.P. 54, adv. comm. note to 1993 amendments. This case will not benefit from further delay.

Judicial efficiency is served by "resolv[ing] fee disputes . . . while the services performed are freshly in mind." Fed.R.Civ.P. 54, adv. comm. note to 1993 amendments. This Court recently granted judgment and that decision—as well as the parties' papers, preparation and

---

[3] *See Estevez v. Berkeley College*, No. 18-CV-10350 (CS), 2022 WL 1963659, at *3 (S.D.N.Y. June 6, 2022) ("The Court can dispose of this issue now rather than wait and decide it at even greater remove from determination of the merits issue. . . . [T]here appears to be little to gain (by way of efficiency) in waiting to address these arguments."); *Cohen v. Met. Life Ins. Co.*, No. 00 Civ. 6112 (LTS)(FM), 2007 WL 4208979, at *3 (S.D.N.Y. Nov. 21, 2007) (even pending appeal, "the merits of the parties' positions supports [] an award of attorney's fees"); *Turley v. N.Y. City Police Dept.*, No. 93 Civ. 8748(SAS), 1998 WL 760243, at *1 (S.D.N.Y. Oct. 30, 1998) ("declin[ing] to defer ruling on" fee motion "until appeals have been exhausted"; granting motion). RIAA recognizes that in *Horror Inc. et al. v. Miller et al.*, No. 3:16-cv-01442 (SRU), 2022 WL 4473426 (D. Conn. Sept. 26, 2022), this Court denied the prevailing party's motion for attorneys' fees without prejudice to renewal after the Second Circuit decided the appeal; but that case did not involve the possibility of an insolvent party.

argument—are still fresh in mind. Moreover, "piecemeal appeals of merits and fee questions generally are undesirable." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 452 n.14 (1982); *Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999) (recognizing "a historic federal policy against piecemeal appeals."). Fed.R.Civ.P. 54, adv. comm. note to 1993 amendments.

Yout argues that it would be inefficient "to the extent" the appeal changes the Court's judgment because "steps" would need to "be taken" for the "return or adjustment" of those fees. Mot. at 7. But that is not meaningful inefficiency. Rather, it would be inefficient for this case to require multiple appeals to the Second Circuit, one on the merits and the second on the request for fees. If this Court grants RIAA's motion for attorneys' fees, the Second Circuit can take the merits and fees issues together for review.

### C. Yout Has Not Met Its Burden To Show Circumstances Meriting A Stay

"A stay is not a matter of right," but "is instead an exercise of judicial discretion." *Nken*, 556 U.S. at 433 ; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

In considering whether to stay a motion for attorneys' fees pending appeal, some courts have also looked to the *Nken* factors for the consideration of a motion to stay execution of a judgment pending appeal[4]: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

---

[4] Yout made its Motion to Stay "pursuant to Rule 62 of the Federal Rules of Civil Procedure." Mot. at 1. Yout does not identify a provision of Rule 62 which supports its motion, and none is applicable here. Rule 62 relates to stays of proceedings to enforce a judgment, not to collateral proceedings such as a motion for attorneys' fees.

5

stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 434; *see, e.g., Miller v. City of Ithaca*, No. 3:10-cv-00597 (BKS/DEP), 2019 WL 1470249, at *1-2 (N.D.N.Y. April 3, 2019) (analyzing the *Nken* factors in a motion to stay a motion for attorneys' fees); *Estevez*, 2022 WL 1963659 (same). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

### 1. Yout Does Not Argue Likelihood Of Success Favors A Stay

Significantly, Yout does not even try to argue that it is likely to succeed on the merits, much less make the "strong showing" contemplated by *Nken*. *See* Mot at 7 ("request[ing] that the Court abstain from" "evaluat[ing] the likelihood that its own ruling will be overturned" and "based on the other three factors . . . grant Plaintiff Yout's Motion to Stay . . ."). Yout goes no further than observing that "[i]t is difficult to assess a likelihood of success." Mot. at 7. Yet likelihood of success is a necessary showing and a stay will not issue on "a mere 'possibility' of relief." *Nken*, 556 U.S. at 434.

Even if the Court were to look outside the four corners of Yout's Motion to Stay to assess Yout's likelihood of success on appeal, Yout is unlikely to succeed for all of the reasons set forth in this Court's decision granting RIAA's motion to dismiss. More recent precedent further confirms the correctness of this Court's ruling. The D.C. Circuit reaffirmed earlier this month that the DMCA protects digital content online from technology designed to bypass code and other measures that protect the underlying files:

> In this digital age, when content creators choose to make their copyrighted materials—like books, movies, and music—available online, they employ computer code to block unauthorized access, copying, and use. To fortify the protection offered by that code, Congress enacted the Digital Millennium Copyright Act, which makes it unlawful to bypass such technological measures.

*Green*, 2022 WL 17419644, at *1; *see generally id.* (discussing policy behind DMCA and interpreting statute). The D.C. Circuit's decision is consistent with this Court's conclusions:

6

Yout "facially allege[d] that its platform accomplishes a task contrary to YouTube's restraints" and "Yout's technology *clearly* 'bypasses' YouTube's technological measures." Dkt. 61 (Order Granting MTD at 20, 32 (emphasis added)).

### 2.     Yout Offers No Evidence Of Irreparable Harm

Yout completely fails to meet its evidentiary burden to show that "irreparable injury is *likely*" in the absence of a stay. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (emphasis in original). Yout claims that "it would be quite difficult" to "satisfy" the requested attorneys' fees while pursuing its appeal of this Court's judgment, and that its ability to pursue the appeal would be "crippled" if a stay is not granted. Mot. at. 4, 6. But Yout has failed to submit a declaration or any other admissible evidence to support this claim. Yout cannot rely on conclusory assertions alone to establish irreparable harm. Notwithstanding Yout's assertions, the record in this case suggests that Yout does not lack resources: Yout admits that its service is still operational, Mot. at 5, and it has hired three new lawyers for the appeal, Ehler Decl. ¶¶ 4, 5. Moreover, even if Yout's claim were true, it would not constitute irreparable harm—if RIAA's Motion for Attorneys' Fees is not stayed, and if this Court awards fees that Yout cannot afford, Yout has the option of posting a bond and appealing that decision.

Yout's other suggestions of harm are irrelevant because they are related to the merits of the case, not to the motion for fees: "RIAA's DMCA notices have blocked Yout users' ability to use [Yout.com] with all works," "caused third parties to believe it is engaging in illegal and unlawful conduct," and put "the entirety of [Yout's] livelihood, goodwill, and business [] at issue." Mot. at 5-6. Those asserted harms would not be cured by a stay of RIAA's fees motion.[5]

---

[5] Such concerns are also unfounded. *See Fox Television Stations, Inc. v. FilmOn X LLC*, 966 F. Supp. 2d 30, 51 (D.D.C. 2013) (rejecting argument that infringing business "could be 'crippled' by an injunction and that a decision in [the copyright owners'] favor will chill technological innovation" as "overstated" because the infringing business did not have a "cognizable interest in

### 3. RIAA Would Be Substantially Injured By A Stay

RIAA would be harmed by a stay of its motion. So far, RIAA has paid in excess of $250,000 in attorneys' fees to defend against this meritless suit. Dkt. 65-1 at 2. While Yout has not submitted any evidence of its financial condition, if its statements are to be believed, it may face difficulty paying a fee award. That is not reason to delay *issuing* such an award. RIAA will need an enforceable fee award to collect any reimbursement for the substantial fees it has incurred.

### 4. The Public Interest Favors Protecting Copyrighted Works And Deciding RIAA's Motion For Attorneys' Fees

Yout correctly states that copyright protection serves the public interest—but has the analysis exactly backward. "[T]o serve the public interest, copyright law must prevent the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Warner Bros. Ent., Inc. v. RDR Books*, 575 F. Supp. 2d 513, 553 (S.D.N.Y. 2008). Those interests are served by protecting creators of music from the massive circumvention of technological measures for which Yout is liable. The Copyright Act also provides for fees to discourage parties from "bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose." *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 359 (S.D.N.Y. 2006). These important purposes are served by prompt resolution of the issue of attorneys' fees.

---

continuing to infringe" and therefore "cannot complain of the harm it will suffer if ordered to cease doing so.").

## IV. CONCLUSION

For the foregoing reasons, RIAA respectfully requests the Court deny Yout's Motion to Stay, as well as Yout's alternative request of a further extension of time to file an opposition. RIAA further requests that the Court grant its Motion for Attorneys' Fees.

DATED:  December 22, 2022

Respectfully submitted,

/s/ Rose Leda Ehler

GLENN D. POMERANTZ (*appearing pro hac vice*)
ROSE LEDA EHLER (*appearing pro hac vice*)
SHANNON AMINIRAD (*appearing pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071-3426
T:  (213) 683-9100
F:  (213) 687-3702
glenn.pomerantz@mto.com
rose.ehler@mto.com
shannon.aminirad@mto.com

JAMES O. CRAVEN (ct18790)
DAVID NORMAN-SCHIFF (ct30082)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T:  (203) 498-4400
F:  (203) 782-2889
jcraven@wiggin.com

Attorneys for Defendant Recording Industry Association of America, Inc.