UNITED STATES DISTRICT COURT
DISTRICT OF CONNETICUT

| | | |
|---|---|---|
| YOUT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:20-cv-01602-SRU |
| | ) | |
| vs. | ) | |
| | ) | |
| THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC. and DOE RECORD COMPANIES 1-10 | ) ) ) | January 5, 2023 |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY DEFENDANT RIAA'S MOTION FOR ATTORNEYS' FEES**

NOW COMES THE PLAINTIFF YOUT LLC ("Plaintiff" or "Yout"), by and through its attorneys, Mudd Law Offices, and files this Reply in Support of Motion to Stay this matter (ECF No. 67) with respect to Defendant The Recording Industry Association of America, Inc.'s ("RIAA") Motion for Attorneys' Fees (ECF No. 65) pursuant to Rule 62 of the Federal Rules of Civil Procedure and, in reply to RIAA's Memorandum of Law in Opposition (ECF Doc. 69) and in support hereof shows the Court the following:

1. **Plaintiff is simply asking for a stay of a decision on attorneys' fees pending appeal.**

The RIAA argues that it will be substantially injured if the Court stays its decision on attorneys' fees pending appeal. However, the RIAA shows no such substantial injury, offering only that it requires "an enforceable fee award to collect any reimbursement" of the alleged fees. ECF No. 69 at 8. Plaintiff is simply asking for a stay of that decision so as not to have to face collections proceedings while simultaneously funding and supporting an appeal. As shown in the attached supporting declaration of Plaintiff's principal Johnathan Nader, and as noted by the RIAA, Plaintiff has engaged new counsel for appellate purposes. Nader Decl. ¶2. He is funding

that effort with personal funds. Nader Decl. ¶4. Further, Plaintiff owes a significant amount in attorneys' fees to the undersigned counsel. Id. ¶8. Finally, Plaintiff's business has been substantially impacted since the 1201 notices at issue were sent to Google in 2019. Id. ¶¶6-7. In fact, as exemplified by the December 2022 bank statement, the monthly revenue for Plaintiff averages a net zero. December 2022 Bank Statement, attached as Exhibit A-1.

As a result, it is clear that a stay would assist Plaintiff in supporting the appeal, and if a judgement on fees is issued at this time, that could severely impact Plaintiff's ability to fund the appeal whether through company funds, personal funds, or third-party assistance.

Again, it continues to be Yout's position that its service does not violate the DMCA and that Yout's ability to serve its customers has been handicapped by the RIAA's actions. The only result of a stay would be to delay a decision on the shifting of attorneys' fees which, in the instant matter, does no harm to RIAA while significantly harming Yout and the public interest.

Due to the significant monetary and reputational damages already suffered from Defendant RIAA's DMCA notices, Plaintiff Yout will suffer irreparable harm if the Court does not grant the Motion to Stay Attorneys' Fees Pending Appeal.

2. **The public interest favors innovation.**

The parties have a significant difference of opinion on where the public interest lies with respect to Yout's ability to support the instant appeal. Even before addressing the merits of each, it is important to note that this very difference of opinion highlights the appeal's importance. The RIAA fails to even address the significance of the Court's ruling with respect to the legality of the thousands of services and projects which are based on youtube-dl. To the extent that the RIAA is now arguing that a stay of a decision on attorneys' fees would somehow be harmful to the public interest, there is no support for this statement. In fact, the RIAA's actions have already

handicapped Yout such that a stay would have no such alleged negative impact. Nader Decl. ¶6-7.

3. **Yout maintains its ability to oppose RIAA's Motion for Attorneys' Fees.**

Contrary to the RIAA's argument, Yout has not waived its ability to oppose RIAA's Motion for Attorneys' Fees. Rather, Yout responded by asking the Court to stay such proceedings. Further, the RIAA cites, seeming to imply malintent, the communications among the parties regarding the conferral related to the requested stay and the time to respond to RIAA's Motion for Attorneys' Fees. Indeed, there was a period of time where the undersigned counsel was not engaged and that unfortunately overlapped with the parties' conferral regarding these issues. Nader Decl. ¶3. The delay was not intentional, was insignificant, and should not impair Yout's ability to request a stay.

## CONCLUSION

WHEREFORE, based on the foregoing and on those matters raised in Plaintiff's Motion to Stay (ECF No. 67), the Plaintiff respectfully requests this Court to grant Plaintiff's Motion for Stay of Attorneys' Fees Pending Appeal. Alternatively, Plaintiff asks for an extension of 28 days in which to file Yout's response to Defendant's Motion for Attorneys' Fees.

Dated: Chicago, Illinois  
        January 5, 2023

Respectfully submitted,  
YOUT LLC

/s/ Charles Lee Mudd Jr.  
By: One of Its Attorneys  
Charles Lee Mudd Jr.  
MUDD LAW  
411 S. Sangamon Street  
Suite 1B  
Chicago, Illinois 60607  
312.964.5051 Telephone  
312.803.1667 Facsimile  
clm@muddlaw.com

## CERTIFICATE OF SERVICE

      I, Charles Lee Mudd Jr., do hereby certify that service of this **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY DEFENDANT RIAA'S MOTION FOR ATTORNEYS' FEES** shall be served upon (a) all parties and/or their counsel having filed appearances in this action through the automated electronic case filing by electronic filing; (b) all parties listed in the attached Service List by sending said document by electronic mail on this 5th day of January 2023; and, (c) where an electronic mail address is not available for a party, to the known physical address(es) identified below on January 5, 2023.

                                                /s/ Charles Lee Mudd Jr.
                                                Charles Lee Mudd Jr.

## SERVICE LIST

To:    All parties and/or their counsel have filed appearances in this matter.